## REYNOLDS, ADM'R ET AL. VS. WEST.

1. PLEADING: *Amendment, when not allowed.*
   A party should not be permitted to file an amended answer contradictory of and inconsistent with the original answer in material matters, without showing by affidavit, that the original answer was filed under a mistake as to the facts.
2. VENDOR'S LIEN: *Assignment, parties, etc.*
   When a vendor, who has executed a deed to the land, assigns a note executed for the purchase money, to a firm as collateral security for a claim of smaller amount, it is competent for the surviving partner of the firm, and the administrator of the vendor, he having died in the mean time, to join as plaintiffs in a proceeding to enforce the vendor's lien.

APPEAL from *Chicot* Circuit Court in Chancery.

Hon. THEODORIC F. SORRELLS, Circuit Judge.

*Reynolds*, for appellant.

ENGLISH, CH. J.:

This bill was to enforce a vendor's lien for purchase money, etc.

The bill was filed on the chancery side of the Circuit Court of Chicot County, August 24th, 1874, by Daniel H. Reynolds, as administrator of the estate of F. W. Smith, deceased, and John N. Ware, surviving partner of the firm of Mercer & Ware, against Nathan West.

The substance of the case made by the bill is, that on the 29th of January, 1870, F. W. Smith sold and by deed of that date conveyed, to Nathan West, certain lands in Chicot County, which are described, for the consideration of $5000. That for part of the purchase money, West executed to Smith a promissory note for $2294.70, payable 1st January, 1871, and bearing 10 per cent. interest from maturity, which note was credited with $214.53 on the day of its execution.

That on the 4th January, 1871, Smith delivered the said note to Mercer & Ware, of Memphis, to secure the sum of $1100 due to them, and the sum of $90, due one E. A. Summers, and took from them a receipt for said note, stating what the same was to secure the amounts, etc.; which more fully appears by the receipt, which is exhibited, and made part of the bill. That on the —— day of October, 1871, Smith endorsed said note in blank, and still left it with Mercer & Ware to secure said sums, which remained unpaid, etc.

The receipt is in substance as follows :-

"Received, Memphis, January 4th, 1871, of F. W. Smith, one note drawn by Nathan West, in his favor, for $2294.70 with a credit on said note of $214.50, leaving a balance of $2080.20. The above note executed 29th January, 1870, and payable 1st January, 1871. The above note is left with us as collateral to secure his several endorsements to us for Nathan West, amount $1100; also to secure payment of his note executed to E. M. Summers for $90, payable one day after date, 4th January, 1871. The said note to be refunded to him, or balance thereof, after the said amounts are paid.       MERCER & WARE."

That West was residing on, and in possession of the lands described in the bill. That Mercer, of the firm of Mercer & Ware, had died since said note was deposited with them by Smith, to secure to the firm said indebtedness, leaving plaintiff,

John N. Ware, his sole surviving partner.    That Smith had also died, and plaintiff, Daniel H. Reynolds, had been granted letters of administration on his estate.

That said note for purchase money remained unpaid, and was a lien on said lands, and that the amount secured to Mercer & Ware by deposit of the said note with them, also remained unpaid.

Prayer that the amount due on the note be declared a lien on the lands, and that defendant be decreed to pay the same in a reasonable time; and that on default of payment, the lands be sold, etc., and that out of the proceeds of sale, the amount due to plaintiff, Ware, as surviving partner of Mercer & Ware, be first paid, and the remainder, if any, be paid to plaintiff Reynolds, as administrator of Smith, etc.

On the 16th September, 1874, defendant West filed an answer to the bill.    He admits that Smith sold and conveyed to him the lands, and took the note for purchase money as alleged in the bill; and that the note was credited as of its date with the sum stated in the bill.    Admits that Smith deposited the note with Mercer & Ware to secure the payment of $90 to E. S. Plummer, but denies that it was left with them to secure the payment of any sum due to them.    Denies that he was ever indebted to them in the sum of $1100, or that Smith ever endorsed for him to them for said sum.

Alleges that he had paid to Smith upon the note in suit, at various times after the date of its execution, sums amounting to $1810, for which he was entitled to credit.    That these payments were made to Smith in good faith, and before any notice that he had transferred the note to Mercer & Ware.

A bill of particulars of the alleged payments is made an exhibit, verified by affidavit in probate form.

The first item in the bill of particulars is stated thus: "1870, December—To cash paid in cotton to S. Wood for your account, $1300." It is not material on this appeal, to state the dates and amounts of the other items in the bill of particulars.

The answer further admits that after deducting the alleged payments, the balance due upon the note is a lien on the lands as in favor of Smith or his administrators.

The answer also contains a general demurrer to the bill, and is verified by the affidavit of defendant.

The plaintiff filed a demurrer to the answer, but no action appears to have been taken by the court upon the demurrer; and at the June Term, 1875, the plaintiffs filed a special replication to the answer.

At the January Term, 1876, the defendant asked leave to withdraw his answer and demurrer, and to file an amended answer and demurrer. The court refused to permit him to withdraw the answer and demurrer, but permitted him to file an amended answer and demurrer.

In the amended answer, defendant admits that he purchased the lands of Smith for the consideration of $5000, and received from him a deed therefor, but denies that the note in suit was given for part of the purchase money of the lands. On the contrary, alleges that at the time of the purchase, he paid Smith in full for the lands; and afterwards bought of him all his mules, tools, and some corn on the premises, and executed to him the note in suit for the agreed value of such personal property, and not for any part of the purchase money of the lands; and denies that the note is a lien on the lands in the hands of either of the plaintiffs.

That he knew nothing about the transfer of the note to Mercer & Ware, and was advised to deny the same, and require proof thereof.

That Smith always gave him to understand, to the time of his death, that he still owned and held said note, and with that assurance drew sundry drafts upon him, against said note in favor of Wm. E. Trice and Sanford Wood, which drafts were accepted by him to the amount of about $1300 ; and for which amount judgment had been recovered against him on the law side of the court, and still existed, and for which he was entitled to credits as of the dates of the drafts.

Other payments are then alleged, corresponding with the payments claimed in the original answer, and stated in the bill of particulars made on exhibit thereto, except the first item above copied.

The amended answer also contains a demurrer to the bill, and assigns the following causes of demurrer :

"*First*—That Reynolds, as administrator of Smith, and Ware as surviving partner of Mercer & Ware, show no such privity or mutuality of interest in the cause of action, as entitles them to sue as joint plaintiffs, and they have improperly joined in the suit.

" *Second*—Reynolds, as administrator, shows no such possession or ownership of the note in suit as entitles him to sue.

"*Third*—Ware shows no right in him to bring the suit, or join as plaintiff, and no right to the relief prayed.

"*Fourth*—The complaint does not state facts sufficient to constitute a cause of action."

The amended answer was sworn to by defendant.

The plaintiff moved to strike out the amended answer, for the reason that it was inconsistent with the original answer, and the court overruled the motion.

The court sustained the demurrer to the bill contained in the amended answer for misjoinder of plaintiffs, and leave was given to amend, the plaintiffs declining to amend, the court dismissed the bill, and plaintiffs appealed.

I.　The original and amended answers were both sworn to by appellee, and yet they are contradictory and inconsistent in some of their material features.

In the original answer, appellant admits that the note sued on was given for part of the purchase money of the lands, and that after deducting alleged payments, the balance was a lien upon the lands.

In the amended answer, he denies that the note was given for any part of the purchase money of the lands; and, on the contrary, alleges that he paid for the lands at the time he purchased them, and gave the note for personal property bought of Smith.

In the original answer he claims to have made payments upon the note to Smith, without notice of the transfer of the note to Mercer & Ware, amounting to $1810, and exhibits a sworn bill of particulars of alleged payments, the first item of which is for cash paid in cotton to S. Wood, on account of Smith, $1300.

In the amended answer, he claims, instead of this payment, to have accepted Smith's drafts in favor of Trice and Wood, for $1300, upon which he had been sued, and judgment recovered, but does not claim to have paid the judgment.

Story, in his Equity Pleadings, says: "In the case of answers and of pleas put in upon oath, the court will not, for obvious reasons, easily suffer an amendment to be made. In a small matter, however, the defendant may amend; but not in a material one, unless upon evidence to the court of surprise. The most common case of amending an answer is, when, through inadvertency, the defendant has mistaken a fact, or a date, then, the court will give leave to amend, to prevent the defendant from being prosecuted for perjury. In general, however, this indulgence is confined to cases of mere mistake or surprise in the answer." Sec. 896, (8 ed.) and notes.

Again he says : "In proceedings upon an answer under oath, where there is a clear mistake, the answer was, by the old practice, allowed to be taken off the file, and a new answer put in. But Lord Thurslow adopted a better course, not taking the answer off the file, but permitting a sort of supplemental answer to be filed; that course leaving the parties the full effect of what had been sworn before with the explanation given by the supplemental answer. This has been allowed even, after the cause was in the paper for hearing. But to obtain such permission, the defendant must state by affidavit, that, when he put in his answer, he did not know the circumstances upon which he replies, or any other circumstances upon which he ought to have stated the fact otherwise." Ib. sec. 901.

By a provision of the Code : " The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Gantt's Dig.,sec. 4616. This is a very liberal statute of amendments, but it was error to permit appellee to file an amended answer contradictory of, and inconsistent with, the original answer, in material matters, without any showing by affidavit (and none appears of record), that he had labored under a mistake or misapprehension in putting in the original answer.

II. The court below erred in sustaining the demurrer to the bill.

The vendor's equitable lien upon land for purchase money is personal to him, and does not pass to an assignee by assignment of a note given for purchase money. *Shall* v. *Biscoe et al.*, 18

Ark., 142. But in this case, Smith, the vendor, deposited the note for purchase money with Mercer & Ware, and endorsed it, as a collateral security for claims they held against him, and Ware, as the surviving member of the firm, had the right to bring the bill to enforce the lien, as held in *Crawley* v. *Riggs et et.*, 24 Ark., 563. But inasmuch as the note was for a larger sum than the debts secured by it, and Reynolds, as administrator of Smith, entitled to the surplus, we can see no possible objection to his being joined in the suit as an interested plaintiff, instead of being made a defendant. Gantt's Dig., sec. 4469.

The decree must be reversed and the cause remanded to the court below with instructions to reinstate the bill and overrule the demurrer, etc.