## MOHR et al. *v.* BARNES.

Under the Code every material allegation in the complaint, not traversed, is taken as true. In an action on a promissory note, the plea of payment admits the original liability for the amount of the note described in the complaint, and the burden of establishing the payment is upon the defendant.

*Appeal from District Court of Las Animas County.*

THE case is stated in the opinion.

Messrs. YEAMAN & JOHN, for appellants.

Mr. GEORGE BOYLES, for appellee.

THATCHER, C. J. This is an action brought by Mohr,

Mohr & Co. against Frank W. Barnes, to recover the amount claimed to be due on two promissory notes alleged to have been lost. The plaintiffs, by verified complaint, particularly describe the notes, allege their loss, and a demand of payment. The only plea filed is that of payment. After the evidence for the plaintiffs was all in, the court, on motion of defendant, entered a judgment of nonsuit. Plaintiffs then moved the court to set aside the nonsuit, and grant them a new trial, which motion was denied. An appeal is taken specifically " from the judgment of nonsuit, and also from the order of the court denying the motion to set aside said judgment and for a new trial."

Under the former system of practice, if, in an action of assumpsit, issue were joined upon plea of payment, the plaintiff was *prima facie* entitled to a verdict without introducing any evidence. The effect of the plea is to admit the original liability, and the burden of proving its discharge is assumed by the defendant. Like a ·default it admitted some damages, but not *necessarily* the entire sum laid in the declaration. The original cause of action was by that plea conceded, but not the amount thereof. " The substance of the issue is that the plaintiff had been paid his debt or demand. On proving payment and acceptance of any sum of money, the burden is thrown on the plaintiff of showing that his whole debt was not satisfied." If, however, the defendant plead payment as to some definite sum, the plaintiff was not held to the proof of such amount as it was by the plea specifically admitted. *New York Dry Dock Company* v. *McIntosh*, 5 Hill, 290; *Waggoner* v. *Bells*, 4 Monr. (Ky.) 11, 12; *Scott* v. *Hall*, 8 Conn. 303; 1 Phill. Ev. 628, 629; Cowen & Hill's Notes, and case there cited.

Under the Code, every material allegation, not controverted by the answer, is, for the purposes of the action, taken as true. Code, § 72. Here the suit is founded upon two instruments, in writing, signed by the defendant and specifically described, as containing the amount of the demand. The plea of payment is, under the Code, an

admission of original liability, for the amount of the two notes described in the complaint, and throws the burden of establishing the payment thereof upon the defendant. *Canfield* v. *Sanders*, 17 Cal. 571.

It is true that the contents of a written instrument can only be proved by the writing itself, except when the original has been lost or destroyed, in which case sufficient evidence of its loss or destruction must be first submitted to the court before oral evidence of its contents can be received. But here it was not necessary to prove the *contents* of the notes. By pleading payment, the defendant admitted their contents, and what is admitted by the defendant need not be established at the trial by the oath of the plaintiff or any other person. The motion for a judgment of nonsuit was improperly allowed.

Judgment reversed and cause remanded.

*Reversed.*