## No. 9832.

### GREENLEES *v.* CHEZIK.

1. PLEADING—*Admissions by,* cannot be contradicted.

2. PAYMENT—*Plea of,* admits the original liability, and the defendant is estopped to deny it unless fraud, duress, or the like be shown.

3. PRACTICE IN ERROR—*Harmless Error.* The exclusion of evidence which is made immaterial by what appears in the record is harmless.

4. FRAUD—*Contributing to.* One whose negligence enables his agent to practice fraud upon another must answer for the injury.

5. NEW TRIAL—*Newly Discovered Evidence,* merely cumulative is no ground for a new trial.

*Error to Pueblo District Court, Hon. S. D. Trimble, Judge.*

*Department One.*

Mr. J. L. McCORKLE and Mr. S. S. PACKARD, for plaintiff in error.

Mr. BENJAMIN F. KOPERLIK, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

PLAINTIFF in error, J. R. Greenlees, executed and delivered to one Mrs. Louise Wiley, his promissory note for $1,750.00. Mrs. Wiley negotiated this note to defendant in error, J. A. Chezik. Chezik brought suit thereon against Greenlees and recovered judgment. From that judgment this writ is prosecuted and the cause is now before us on application for supersedeas. Extended briefs have been filed and no reason appears why the cause should not now be finally disposed of.

The validity of the judgment in question depends upon certain defenses to this note, but two of which demand consideration.

It is asserted that delivery of the note to Wiley was conditional, the condition being that it should be used only for the purchase of lots in the city of Pueblo, which were to pass to Greenlees under a contract which he had with Wiley; that this condition was never fulfilled; and that Chezik took the note with full knowledge of these facts, hence his title is invalid. It is clear that the lots mentioned were to be purchased from different owners at different prices, and transferred to Greenlees at a uniform price of $40.00 each. It is therefore apparent that the delivery of the note to Wiley carried with it the right of negotiation, without which it would have been valueless. Moreover it is alleged, and undisputed, that this note was paid by Greenlees to Wiley, without cancellation or delivery. A plea of payment admits the original liability. *Mohr et al. v. Barnes,* 4 Colo. 350. Such admission by plea can not be contradicted by the party making it. *Harvey et al. v. D. & R. G. R. R. Co.,* 56 Colo. 570-572, 139 Pac. 1098; *Hamilton v. Moore,* 4 Watts & S. (Pa.), 570. Payment by the maker of negotiable paper, and plea thereof, is the most solemn recognition of execution, delivery and consideration, and these things he is thereby estopped to deny. Such estoppel might of course be removed by evidence of fraud, duress, etc., but this record discloses no such evidence.

Much space is devoted in these briefs to a ruling on the evidence of an attorney who testified that he advised Chezik of the conditions under which Wiley received the note. This testimony the trial court finally excluded on the ground that it was a confidential communication made by the attorney to Chezik in the course of professional employment. The confidential nature of the communication, as well as the employment, are denied and argued at length. Both become immaterial in view of what has already been said of the implied authority to Wiley to

negotiate the note and Greenlees' recognition of her title by payment.

The second defense is that Chezik took title to this note after maturity, in which event he would of course be bound by the payment, irrespective of knowledge. On this subject the trial court found for defendant in error on conflicting evidence and the rule is well established that such a finding will not be disturbed here.

*Sayre v. Leonard,* 57 Colo. 116-119, 140 Pac. 196; *Hallack et al. v. Stockdale et al.,* 14 Colo. 198-200, 23 Pac. 340; *Bd. Co. Commrs. v. Bd. Co. Commrs.,* 68 Colo. 428.

Greenlees left this note in the hands of Wiley from March 14, 1914, and it was not due until eight months from that date. He thus put it in her power to negotiate it regardless of the conditions under which it was delivered and so defraud either the purchaser or the maker. Chezik not only paid a good and valuable consideration for the note, but an adequate consideration. As between Greenlees and Chezik the loss, which must now be sustained through the bad faith of Wiley, must fall upon Greenlees, whose fault made it possible to perpetrate the fraud. *Wedge Mines Co. v. Denver Nat. Bank,* 19 Colo. App. 182, 72 Pac. 873.

Plaintiff in error filed a motion for a new trial which was overruled. The only ground of this motion requiring our consideration is that of newly discovered evidence. The evidence, however, is merely cumulative and is insufficient to justify the motion. *Martin v. Hazzard Powder Co.,* 2 Colo. 596-600. Moreover it consists of public records of which Greenlees had presumptive knowledge, and of which, by the exercise of diligence during the trial, he might have had actual knowledge. 20 Cyc. 885. *Weimer v. Lowery,* 11 Cal. 104-113.

For the foregoing reasons the supersedeas is denied and the judgment affirmed.

Garrigues, C. J., and Teller, J., concur.