HUGHES-SPEITH PIPE LINE COMPANY *v.* McWILLIAMS
HARDWARE & FURNITURE COMPANY.

Opinion delivered November 8, 1926.

1. GARNISHMENT—EFFECT OF SUBSEQUENT JUDGMENT AGAINST GAR-
NISHEE.—A garnishee cannot avoid liability for funds garnished
by reason of having subsequently paid all funds in his hands
belonging to defendant by order of court to the receiver in another
suit against defendant, where the garnishee failed to contest the
payment to the receiver on the ground of the prior garnishment
having imposed a lien on the funds.

2. PLEADING—AMENDMENT—DISCRETION OF COURT.—Refusal to per-
mit an amendment to an answer which conflicts with the original
answer, and was not requested until the case was called for trial,
*held* within the court's discretion.

Appeal from Union Circuit Court, Second Division;
*W. A. Speer,* Judge; affirmed.

*Marsh & Marlin,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

HUMPHREYS, J. On December 20, 1924, appellee
brought suit in the second division of the Circuit Court
of Union County against J. J. Page, upon a note for
$487.50, with interest at 10 per cent. per annum until
paid, for which amount it prayed judgment.

Based upon the allegation in the complaint that
appellant was indebted to J. J. Page in the sum of $500,
it prayed for and obtained a writ of garnishment, which
was duly issued and served upon appellant upon the same
day the suit was brought.

On the 9th day of March, 1925, judgment by default
was rendered against J. J. Page upon the note, and appel-
lant was given until April 15, 1925, to file an answer to the
writ of garnishment. On said date it filed the following
answer:

"Comes now the Hughes-Speith Pipe Line Company,
garnishee herein, and, for its answer to the writ of gar-
nishment herein served on the 20th day of December, 1924,
states that, on and after the service of the writ of garnish-
ment in this cause, it had and held in its hands and pos-
session goods, chattels, moneys, credits and effects

accrued to the credit of J. J. Page on account of oil run from a certain oil and gas lease located in Union County, Arkansas, as follows, to-wit:

"The northwest quarter of the northwest quarter of section 23, township 16 south, range 15 west, in the sum of $487.50.

"That, subsequent to the service of the writ of garnishment in this cause, and prior to a judgment by default obtained herein on the 9th day of March, 1925, in the case of T. L. Senter, plaintiff, v. J. J. Page, defendant, in the Union Chancery Court, Second Division, it was, on the 24th day of December, 1924, ordered by said court to pay over to and deliver to V. L. Robie, the duly appointed receiver in said cause, all sums of moneys then in its hands and possession, and authorized said receiver to collect and receive all moneys accruing on account of oil runs from said above described lease.

"That, pursuant to and in accordance with said order of the Union Chancery Court, Second Division, all sums arising or becoming due to the said J. J. Page, on account of oil runs from the above described lease, by this garnishee, were by this garnishee paid to the said V. L. Robie, receiver, and his successor, Windell Utley, receiver in said cause of F. L. Senter, plaintiff, v. J. J. Page, defendant, same being cause No.............. of the Union Chancery Court, Second Division.

"That, on account of its having complied with said order of court, it did not, at the time of the rendition of the judgment in this cause on the 9th day of March, 1925, have or hold in its hands or possession goods, moneys, chattels, credits or effects, of any nature or character, owing or belonging to the defendant, J. J. Page.

"Wherefore, having answered, garnishee prays that it be discharged from further answering, for all its cost herein, and all other proper relief."

On April 23, 1925, appellee filed a demurrer to the answer of the garnishee, and a motion for judgment, upon the grounds that the facts stated in the answer were insufficient to constitute a defense to the writ. The

cause was called for trial on May 20, 1925, whereupon appellant filed a motion for permission to amend its answer as follows:

"Comes now Hughes-Speith Pipe Line Company, garnishee herein, and prays leave to amend its answer herein, and for cause states:

"That, by error or oversight, it omitted from its answer, as garnishee herein, the allegation that, at the time of service of the writ of garnishment herein, the defendant, J. J. Page, owed and was indebted to it in the sum of $4,500 as balance due on a certain mortgage debt secured by mortgage recorded in book.............., page .............., of the records of Union County, Arkansas, and that said mortgage debt was due and unpaid and is yet unpaid, and that it has the right to offset the amount of $487.50 on said indebtedness. That same was the value of one-half of oil run from said lease during the last 15 days.

"That said facts are true, and that same should have been alleged in the original answer of the garnishee herein.

"That said answer was proffered by Tom Marlin of the firm of Marsh & Marlin, who was not at the time furnished with the above facts, the same not being called to his attention at the time of said answer.

"Wherefore he prays leave to amend the said answer herein to incorporate said facts herein."

The motion was duly verified.

The trial court denied the motion of appellant to amend its answer, sustained the demurrer to its original answer, and rendered a judgment against it for $487.50, from which is this appeal.

The two questions to be determined on this appeal are, whether the original answer stated facts sufficient to entitle the appellant to a release from the writ of garnishment, and whether the trial court abused its discretion in refusing to allow appellant to amend its answer.

The original answer was insufficient as a defense, because appellant made no showing that he contested the claim of the receiver to the money he owed J. J. Page in the suit in the chancery court, wherein F. L. Senter was plaintiff and J. J. Page was defendant. It should have appeared in that suit and defended against the payment to the receiver therein of the amount it owed J. J. Page, upon the ground that the writ of garnishment issued in the instant case and served upon it December 20, 1924, fastened a lien upon said fund in its hands. The failure to plead its action on its part rendered its original answer herein ineffectual. *Hartford Fire Ins. Co.* v. *Citizens' Bank of Booneville,* 166 Ark. 551, 206 S. W. 675, 39 A. L. R., 1458.

The defense tendered in its proposed amendment to the original answer was inconsistent with the defense contained therein. In fact, it was in direct conflict with the allegations in the original answer. It was also a belated request, not having been made until the case was called for trial. We cannot say, under these circumstances, that the court abused its discretion in not allowing the amendment to be made. *Cumbie* v. *St. L. I. M. & S. R. Co.,* 105 Ark. 406, 151 S. W. 237.

No error appearing, the judgment is affirmed.