## No. 11,654.

### McMahon v. Williams, Administratrix.

Decided November 8, 1926.

Action to recover for work and labor performed. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  Pleading—*Payment.* A plea of payment admits the original obligation, but not necessarily the entire amount claimed.

2.  *Amendment.* A party may not amend his pleading so as to change an admission into a denial, over the objection of his opponent.

3.  Payment—*Burden of Proof.* In an action to recover for labor performed, the burden of proof under an allegation of payment, is upon the defendant.

4.  Actions—*Defense, Another's Debt—Payment.* In an action to recover for labor performed, defendant having alleged payment, is not in a position to claim that the debt is that of another instead of his own.

5.  Evidence—*Account Book.* In the trial of an action brought by an administratrix, daughter of decedent, it is held there was no error in permitting her to identify an account book belonging to her father, to testify to entries therein; nor in its admission in evidence.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. Orr & McGarry, Mr. Jos. R. Long, Jr., for plaintiff in error.

Messrs. Young & Meikle, for defendant in error.

*En banc.*

Mr. Justice Adams delivered the opinion of the court.

This case is here on writ of error and application for supersedeas. The names of the parties appear in inverse order from that in the trial court. Nina Williams, as administratrix of the estate of Al Williams, deceased, sued J. L. McMahon and Harriet A. McMahon, husband and wife, for work and labor performed by decedent in his lifetime, on the McMahon ranch. Plaintiff alleged two causes of action, one on special contract and the other in quantum meruit. Mrs. McMahon died while the action was pending, whereupon The Exchange National Bank of Colorado Springs was appointed administrator of her estate, and it was then substituted for her, as a party defendant in this proceeding.

When not otherwise designated, we shall refer to the parties as plaintiff and defendant, as aligned in the trial court. Our reference to The Exchange National Bank will be understood to be in its capacity as administrator of the estate of Harriet A. McMahon, deceased.

On motion of counsel for the bank, the court directed a verdict in its favor only, and the case went to the jury on the issues between plaintiff, Nina Williams, administratrix, and the remaining defendant, J. L. McMahon. Verdict and judgment was for plaintiff; defendant McMahon brings the case here; he and plaintiff are the only parties before us.

1. Defendant J. L. McMahon's answer alleges, among other things, as a defense, "That said Al Williams now deceased, was paid in full for all services and labor performed for the defendant J. L. McMahon." We have here a direct admission by McMahon that the deceased did perform labor and services for him. Moreover, the plea of payment admits the original obligation, but not necessarily the entire amount claimed. *Mohr v. Barnes,* 4 Colo. 350; *Greenlees v. Chezik,* 68 Colo. 521, 190 Pac. 667.

In view of the above plea, it was not error to reject J. L. McMahon's offer of proof that deceased was employed by another person, defendant bank's intestate, Mrs. McMahon. On the question of hire, defendant J. L. McMahon was concluded by his plea. *Greenlees v. Chezik, supra.* This also covers alleged errors concerning evidence, and also instructions on the same point, asked for by McMahon's counsel, and refused by the court as well as the request for permission to amend the McMahon answer, also refused. He could not be allowed to amend in a way that would amount to changing an admission into a denial, over plaintiff's objection.

2. After Al Williams died, McMahon had a talk with the Williams sisters, promising payment. After the talk, McMahon wrote them saying, among other things, that his attorney had advised him that they should have an administrator appointed, to receive moneys, and suggesting that they go to the probate judge and have such action taken. They did so, but McMahon did not pay; hence this suit. McMahon's original letter to the Misses Williams is in our court files, and is not denied. We should be compelled to summon a great deal of credulity to our assistance in order to persuade ourselves that McMahon did not hire Al Williams, since deceased, or that McMahon paid him in full, in view of this defendant's own admissions in the answer and evidence. We should have to discredit McMahon himself in order to do it.

These admissions reduce the case before us to a question of what agreed price, if any, was to be paid for such services, or what was their value, and were they paid for in full. Regarded either from the standpoint of an express contract, or quantum meruit, we think plaintiff sustained her burden of proof. The burden of proving payment, on the issues thus raised, was upon McMahon, and our attention is not called to any item of payment with which he was not credited. In fact plaintiff's testi-

mony assisted him by calling attention to certain payments made, for which credit was duly given.

3. McMahon seeks to have an inference drawn that his deceased wife's estate, represented by the defendant bank, owes the claim to plaintiff, by reason of the alleged fact that the wife in her lifetime made some of the payments to Al Williams, since deceased. McMahon's counsel predicates error upon the failure of the court to recognize this defense in the evidence and in the instructions to the jury. But we have shown why McMahon cannot claim that it is another's debt, instead of his own. Furthermore, he first pleaded that he paid it, and even if it be true, as he seems to have concluded later, that she paid it, nevertheless he got credit for all that was paid, whether by her or by him; so even if he did get the benefit of her payments on his debt, no wrong was thereby inflicted upon him for the court to redress.

4. Nina Williams, daughter of Al Williams, deceased, and administratrix of his estate, was permitted to testify that she believed that a certain book, found among the papers of the deceased, and the only book so found and offered in evidence, was a genuine book of account of the deceased; that it was in his handwriting and that the entries therein relating to the transactions between deceased and defendant J. L. McMahon were true and accurate; that she believed that the entries therein were original and contemporaneous with the items and that she believed the debt to be unpaid. Counsel for McMahon assigns the admission of this book as one of his grounds of error, claiming that it does not comply with C. L. 1921, section 6557, relating to the admission of such books in evidence.

A similar objection was made in *Davie v. Lloyd*, 38 Colo. 250, 88 Pac. 446, 12 Ann. Cas. 75, and it was there held that although the book was not admissible under the statute, such book was admissible on behalf of the estate under the rules of the common law. The court in the instant case, instructed the jury that "the party who

kept the book being dead, this book is to be received by you with caution.'' We shall follow the precedent set in *Davie v. Lloyd, supra,* and we refer to that case for the reasoning. It was not improper to admit the book in evidence.

5. All principles of law here involved, the determination of which are necessary to a correct conclusion, are embraced in our above comments on the case as a whole. If the action should be tried again, it is impossible to conceive how a less verdict against defendant McMahon would be justified. The supersedeas will be denied and the judgment affirmed.

MR. JUSTICE DENISON and MR. JUSTICE CAMPBELL not participating.