## DENVER LIVE STOCK COMMISSION CO, et al. v. LEE et al.

Circuit Court of Appeals, Eighth Circuit.
May 24, 1927.

No. 7435.

Appeal and error �köm237(6)—Motion for judgment and exception to denial is insufficient to save for review question of sufficiency of evidence to support court's finding.

Mere motion for judgment before close of trial, and exception to its denial, is insufficient to save for review question of sufficiency of evidence to sustain general finding by court for adverse party.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

On petition for rehearing. Rehearing denied.

For former opinion, see 18 F.(2d) 11.

Leslie E. Greene, Clayton C. Dorsey, and Norton Montgomery, all of Denver, Colo. (Hughes & Dorsey, of Denver, Colo., of counsel), for plaintiffs in error.

Before KENYON, Circuit Judge, and SCOTT and JOHN B. SANBORN, District Judges.

PER CURIAM. The plaintiffs in error, in a petition for a rehearing, insist that the question of the sufficiency of the evidence to sustain the general finding made by the trial court has been properly presented to this court for review, and that, in holding that it was not so presented, in its opinion filed March 17, 1927, this court has overlooked the fact that, before the close of the trial, a motion was made for judgment, and exception taken to its denial.

The opinion correctly stated what it was necessary to do in order to secure a review of this question in this court, but the claim of the plaintiffs in error now is that, having made a motion for judgment without specifying any grounds for it, and having taken an exception to its denial, the question was before us, and we must decide it. It is true that in United States Fidelity & Guaranty Co. v. Board of Commissioners (C. C. A.) 145 F. 144, 151, Judge Sanborn said, referring to this question:

"The question whether or not at the close of a trial there is substantial evidence to sus-

tain a finding in favor of a party to the action is a question of law which arises in the progress of the trial. In a trial to a jury it is reviewable on an exception to a ruling upon a request for a peremptory instruction. In a trial by the court without a jury it is reviewable upon a motion for a judgment, a request for a declaration of law, or any other action in the trial court which fairly presents this issue of law to that court for determination before the trial ends."

That does not constitute a holding that a mere motion for judgment, without specifying the ground upon which it is made, and an exception to its denial, adds anything to the authority of this court to review the question of the sufficiency of the evidence, because that clearly does not constitute "action in the trial court which fairly presents this issue of law to that court for determination before the trial ends."

The rule as stated in Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, quoted in the case of Allen, Collector of Internal Revenue v. Cartan & Jeffrey Co. (C. C. A.) 7 F.(2d) 21, and also quoted in our opinion, is correct, and for counsel's benefit we repeat it and italicize those portions which affect particularly their situation. The question of the sufficiency of the evidence to sustain the finding and judgment "is reviewable only when a request has been made to the trial court, before the close of the trial, that it adjudge, *on the specific ground that there was no substantial evidence to sustain any other conclusion, either all the issues or some specific issue in favor of the requesting party.*"

The motion for judgment was of no advantage to the plaintiffs in error, because it was not based on the specific ground that there was no substantial evidence to sustain any other conclusion.

The petition for rehearing is denied.