**INTERSTATE STAGE LINES CO. v. AYERS.**

No. 8802.

Circuit Court of Appeals, Eighth Circuit.

July 19, 1930.

Clif Langsdale, of Kansas City, Mo. (Fred Bellemere, of Kansas City, Mo., on the brief), for appellant.

Walter A. Raymond, of Kansas City, Mo. (Harry G. Kyle, of Kansas City, Mo., on the brief), for appellee.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment after verdict in a personal injury case. The case was commenced in the state circuit court of Jackson county, Mo., but was removed on the grounds of diversity of citizenship and the requisite amount involved.

There was evidence, not entirely undisputed, tending to show the following facts: On November 22, 1927, the plaintiff, a young woman of 24 years of age, a student at the University of Kansas, was a passenger on a bus running from Lawrence, Kan., to Kansas City, Kan. On the day in question the bus, coming from Lawrence, was somewhat late. It was being operated east on Minnesota avenue in Kansas City, Kan. The avenue is 75 to 80 feet broad. It was the custom to park cars along the south side of the avenue on an angle with the south curb. The driver of the bus knew of this custom; and the rule of the company, which he also knew, was that the bus should be driven at this point in third gear and the driver should watch for automobiles backing out. The driver testified that he was on the lookout for cars backing out at the time in question. It was daylight. He was driving at a speed estimated at 18 to 30 miles an hour. By ap-

plying the brakes the bus could be stopped, when going at a speed of 18 miles per hour, in 11 feet. The bus was being driven within about 4 feet of the rear end of the automobiles which were parked along the side of the avenue. As he was driving along, a Ford automobile backed out about half its length from the curb where it had been parked. The testimony was conflicting whether it backed out quickly or slowly. The automobile as it backed out was seen by some of the passengers when the bus was 50 to 75 feet from the automobile. There was no traffic in front or to the left of the bus, and nothing interfered with the bus being swerved in that direction. The pavement was in good condition, and the brakes of the bus in working order. The view in front was clear and unobstructed. The bus driver sounded no warning, and did not slacken his speed, or swerve to the left, or apply his brakes until just about the moment when a collision took place between the bus and the automobile. He then brought the bus to a stop within from 15 to 30 feet. The force of the collision broke the double plate glass window near the point where plaintiff was seated, and threw her head against the side of the bus, and a large piece of the plate glass struck her on the side of the forehead. She was stunned and dazed and was taken home, and remained in bed for about 12 days. She then returned to the university and stayed about 5 days; then returned home and remained in bed for about 3 weeks. She suffered bruises on her body, and her head was swollen on the right side and discolored.

At the time of the trial the testimony was that she was nervous, greatly disturbed by noises of any kind, easily fatigued. Prior to the accident she had been athletic and an expert swimmer. Since the accident she had not been able to participate in athletics to any substantial extent. Her vitality was greatly lowered. No objective symptoms of any abnormal condition had existed, however, for some time.

There are five assignments of error relied upon. The first and second assignments are not for consideration, since no motion for a directed verdict or similar motion was made at the close of the evidence. The third and fourth assignments challenge certain parts of the court's charge to the jury. The fifth assignment charges error on the part of the trial court in not setting aside the verdict as excessive.

■ Two portions of the charge to which objection is urged were to the effect that if the jury found the defendant was a common carrier of passengers, that plaintiff was a passenger, that a collision occurred, and that plaintiff was injured, it then became incumbent on defendant to show that the accident was not caused by negligence on its part. The charge of the court was in accord with the general doctrine of res ipsa loquitur in passenger cases. Gleeson v. Virginia Midland R. Co., 140 U. S. 435, 443, 11 S. Ct. 859, 35 L. Ed. 458; Kirkendall v. Union Pac. R. Co., 200 F. 197 (C. C. A. 8); Kansas City So. Ry. Co. v. Clinton, 224 F. 896 (C. C. A. 8); C., R. I. & P. Ry. Co. v. Eddy, 228 F. 643 (C. C. A. 8).

■ Defendant does not quarrel with the doctrine, but contends that the doctrine does not apply in the instant case, because plaintiff's own evidence shows that the accident was caused, not by any negligence on the part of defendant, but solely by the negligence of the driver of the automobile which was backed out from the curb. By this indirect but ingenious method counsel for defendant seek to raise the question whether there was any evidence to go to the jury on the issue of defendant's negligence. The proper way to raise this question would have been by motion for directed verdict at the close of all the evidence. No such motion was made. But, assuming without deciding that this irregular method of approach is permissible in the case at bar, we are clearly of the opinion that the evidence as outlined above was sufficient to go to the jury on the question of defendant's negligence, and was sufficient to sustain the finding on that question.

■ Finally, objection is made to the following portion of the charge relating to expert testimony and the lack of objective symptoms at the time of the trial or for sometime prior thereto:

"* * * The court did not mean to say that the mere fact that she may be nervous would be sufficient, but the court instructs you that before you can find a verdict for the plaintiff you must find that she was actually injured at the time, that is to say she was injured by glass on the head, or came in physical contact in a violent and forcible way, and that she suffered injury, then gentlemen, on the question of nervousness, that nervous affliction flowed from such injury. And when the court said to you that the fact that the doctors were not able to see or to feel nervousness, that does not mean that the plaintiff was not suffering from nervous injury. I am not saying she was suffering from nervous injury—that is for you to say; but the fact

that the doctors said they did not see objective symptoms, if you find she suffered violent injury at the time, then you may find as a result of that that she suffered nervous and mental shock."

While the language of the instruction might be open to meticulous criticism, we think the jury could not have misunderstood it; and that in substance the instruction was correct as applied to the evidence in the case. We are unable to agree with the contention of counsel for defendant that the instruction decided an issue of fact which was for the jury. There was substantial evidence of nervous shock at the time of the accident and of a nervous condition down to the time of the trial, even though the evidence may not have been sufficient on which to base a finding of permanent brain injury. The amount of the verdict ($3,750) is not so large as to prove that the jury must have found a permanent injury to the brain. If defendant wished an instruction that the evidence was not sufficient on which to base a finding of permanent injury to the brain, a request to that effect should have been made.

The assignment of error relative to the alleged excessiveness of the verdict cannot be considered. New York, L. E. & W. R. Co. v. Winter, 143 U. S. 60, 12 S. Ct. 356, 36 L. Ed. 71; Lincoln v. Power, 151 U. S. 436, 14 S. Ct. 387, 38 L. Ed. 224; Homestake Mining Co. v. Fullerton, 69 F. 923 (C. C. A. 8); Arkansas, etc., Co. v. Hemler, 281 F. 914 (C. C. A. 8); Sun Oil Co. v. Rhodes, 15 F.(2d) 790 (C. C. A. 8); St. L.-S. F. Ry. Co. v. Ewan, 26 F.(2d) 619 (C. C. A. 8).

We find no reversible error in the record, and the judgment is accordingly affirmed.