## WILLIAMS BROS., Inc., v. HEINEMANN.
### No. 9021.

Circuit Court of Appeals, Eighth Circuit.
Aug. 11, 1931.

H. T. Harrison, of Little Rock, Ark. (Thomas S. Buzbee, George B. Pugh and A. S. Buzbee, all of Little Rock, Ark., on the brief), for appellant.

J. Hugh Wharton, of Newport, Ark. (G. L. Grant, of Ft. Smith, Ark., and Gustave

Jones, of Newport, Ark., on the brief), for appellee.

Before KENYON and BOOTH, Circuit Judges, and OTIS, District Judge.

KENYON, Circuit Judge.

This is an appeal from a judgment based on the verdict of a jury. Appellee leased to appellant two motorboats, a barge, and machinery known as a "drag line" or "claim shell" to be used in lowering a river bank on the White river in Arkansas, to enable appellant to lay a gas pipe line across the river. Appellant, having taken possession of the barge, loaded the drag line thereon, and after the barge had been towed down the river a considerable distance by a motorboat the drag line rolled off into the river and was lost. A pump and motor which appellant had borrowed from appellee were never returned. The loss of the drag line, pump, and motor is unquestioned. Appellee claimed the loss was due to appellant's negligence in loading the drag line on the barge or in handling after it was loaded, while appellant's claim is that the loss was due to the defective condition of the barge. Straight-cut issues of negligence were presented, and the court's instructions to the jury were exceedingly clear.

■■ The jury returned a verdict for appellee in the sum of $4,000. Appellant took no exceptions to the court's charge, nor were any instructions requested on either side. At the close of the evidence counsel for appellant stated: "I want the record to show that the defendant, at the conclusion of the testimony, asked the Court to direct a verdict for the defendant." The court said, "Let the record show that the motion is denied." In the brief of counsel for appellant it is stated: "The appellant will raise only one point on this appeal upon which it will rely for a reversal of the judgment, and that is that the District Court erred in overruling the defendant's motion, made at the conclusion of all the testimony, to direct a verdict for the defendant." Counsel for appellant discusses no question but the insufficiency of the evidence to show negligence on the part of appellant.

The settled holdings of this court are that a general motion for an instructed verdict stating no grounds therefor is not sufficient to raise the question of whether the evidence was sufficient to warrant submitting the case to the jury. Therefore the only point raised by counsel is not before us for determination. Denver Live Stock Commission Co. et al. v. Lee et al. (C. C. A.) 20 F.(2d) 531; Mansfield Hardwood Lumber Co. v. Horton (C. C. A.) 32 F.(2d) 851; Public Utilities Corp. of Arkansas v. McNaughton (C. C. A.) 39 F.(2d) 7. We may say, however, that we have examined the evidence, and, were the question argued properly before us, we would have no hesitancy in holding that there was abundance of evidence to warrant submitting the case to the jury. Appellee asks that we assess 10 per. cent. penalty upon the judgment as damages under the rule for a frivolous appeal. We do not feel warranted in so doing.

The judgment of the trial court is affirmed.