## STANDARD ACC. INS. CO. v. ROSSI.
### No. 9152.

Circuit Court of Appeals, Eighth Circuit.
Sept. 18, 1931.

Moore, Gray & Burrow, of Little Rock, Ark., and Merritt U. Hayden, of Detroit, Mich., for appellant.

E. B. Dillon and S. S. Jefferies, both of Little Rock, Ark., for appellee.

Before STONE and GARDNER, Circuit Judges, and YOUMANS, District Judge.

GARDNER, Circuit Judge.

This action was brought by appellee as plaintiff below to recover on a policy of accident insurance, which provided that, in the event of the death of the insured, Joseph Rossi, appellee's husband, from injuries ef-

fected solely through accidental means, appellant would pay appellee the sum of $7,500. The parties will be referred to as they appeared in the lower court.

On a prior appeal a judgment in favor of plaintiff was reversed by this court upon the ground, so far as material here, that the court erred in holding as a matter of law that defendant's request for an autopsy was not made within a reasonable time, and in not submitting to the jury the question as to whether such request was reasonably and seasonably made. 35 F.(2d) 667, 670. The second trial resulted in a verdict and judgment in favor of plaintiff, and defendant has again appealed, and in seeking a reversal of the judgment urges: (1) That there was not sufficient competent evidence warranting the submission to the jury of the question whether the death of Joseph Rossi resulted from bodily injury effected directly, exclusively, and independently of all other causes, through accidental means, and, hence, the court should have directed a verdict in favor of the defendant; (2) that the evidence failed to establish that plaintiff complied with the provisions of the policy requiring her to submit affirmative proof of loss, or that defendant waived compliance with those provisions of the policy, and for that reason the court should have directed a verdict for the defendant; (3) that a demand for an autopsy upon the body of Joseph Rossi was properly made by defendant upon plaintiff, for the purpose of ascertaining the cause of his death, which demand was refused, and for this reason the court should have directed a verdict in favor of the defendant; (4) the court erred in denying leave to defendant to amend its answer; (5) the court erred in denying defendant's right to cross-examine plaintiff as to whether she had given any proof of loss; (6) the court erred in denying defendant's offer to prove by the witness Price Shofner that no proofs of the death of the insured were ever furnished to defendant by plaintiff; (7) that the court erred in sustaining objection to the offer in evidence of certain proceedings in a prior suit filed by the plaintiff against the defendant upon the same policy; (8) that the court erred in admitting in evidence a photograph of the insured, taken some eight years before his death; (9) that the court erred in refusing certain instructions requested by the defendant; and (10) that the court erred in submitting to the jury the question whether the demand for an autopsy was made within a reasonable time.

It is our view that under the record the questions which may be reviewed are very limited. While it is earnestly urged that there is no substantial evidence to sustain the verdict and judgment, the defendant did not, at the close of all the testimony, interpose a motion for a directed verdict in its favor, and, hence, this court will not review the evidence. Denver Live Stock Commission Co. v. Lee et al. (C. C. A.) 20 F.(2d) 531; Interstate Stage Lines Co. v. Ayers (C. C. A.) 42 F.(2d) 611; Hard & Rand et al. v. Biston Coffee Co. (C. C. A.) 41 F.(2d) 625; Mansfield Hardwood Lumber Co. v. Horton (C. C. A.) 32 F.(2d) 851, 852; Public Utilities Corp. v. McNaughton (C. C. A.) 39 F.(2d) 7; Falvey v. Coats (C. C. A.) 47 F.(2d) 856. As said by this court in Mansfield Hardwood Lumber Co. v. Horton, supra, in an opinion by Judge Booth: "For many years this court has laid down the rule that the question whether there was any substantial evidence to support a judgment for the opposite party can be raised, so as to be reviewable, only by a motion, request for a ruling, request for a declaration of law, or other equivalent action, at the close of the evidence; that such motion, request, or other equivalent action must be based upon a specific ground or grounds stated in apt words and brought sharply to the attention of the court; that a ruling must be obtained and an exception preserved. A general motion stating no grounds is not sufficient."

The only challenge to the sufficiency of the evidence presented to the lower court is that contained in the following requested instruction: "You are instructed to return a verdict for the defendant." This was entirely inadequate to raise the question whether there was any substantial evidence to sustain the judgment. The requested instruction was based upon no specific ground and did not bring to the attention of the court the particulars in which and the grounds upon which it was claimed that the evidence was insufficient. As said in Mansfield Hardwood Lumber Co. v. Horton, supra: "The rule is at once fair to the trial court, because attention is sharply and specifically called to the precise point involved; fair to opposing counsel, because it gives an opportunity to oppose the motion understandingly; fair to the appellate court, because it enables that court to see whether the point raised in that court is the same as that which was raised and passed upon by the trial court."

In the recent case of Williams Bros., Inc., v. Heinemann (C. C. A.) 51 F.(2d) 1049, in

an opinion by Judge Kenyon, it is said: "The settled holdings of this court are that a general motion for an instructed verdict stating no grounds therefor is not sufficient to raise the question of whether the evidence was sufficient to warrant submitting the case to the jury. Therefore the only point raised by counsel is not before us for determination."

■ But there is still a further reason why this question cannot now be reviewed. On a prior appeal this court held that the evidence was such as to require the issues of fact to be submitted to a jury. The evidence as to the cause of the insured's death is substantially the same as that reviewed by the court on the prior appeal, and what is said by this court on that appeal is the law of the case, precluding a further consideration of this question. It is claimed, however, that the evidence with reference to the alleged refusal of the plaintiff to permit an autopsy is substantially different from that presented on the prior appeal. Defendant is, however, precluded from urging this contention because it would require the court to examine the evidence which, in the absence of a proper motion for a directed verdict, we are not permitted to do. We have, however, considered the evidence which it is claimed substantially strengthens the testimony on this issue, and are satisfied that it was not such as to change the issue from one of fact to one of law. In other words, as held on the prior appeal, that issue remained one to be submitted to the jury.

■■ On the former appeal this court held that: "The giving of notice and proofs was affirmatively assumed in the pleading. The case was tried on that theory, and in the face of this state of the record appellant cannot now be heard to assert such alleged default on the part of appellee."

When the case was remanded for a new trial, the defendant asked leave to amend its answer so as to deny the giving of notice and the making of proof of loss, and the refusal of the court to permit such amendment is urged as error. The application to amend was not supported by any showing or proof that the defendant had been deceived or misled, or that its answer was put in under a mistake as to the facts; nor was any explanation or excuse offered as to why the original answer contained this important admission. This amendment as. proposed amounted to a retraction of an admission, and sought to introduce matters inconsistent with the defense theretofore alleged. It was not offered until

after the case had been once tried and reviewed by this court, and no excuse for the delay in seeking the amendment was shown. The application was addressed to the judicial discretion of the trial court, and it was clearly not an abuse of discretion to refuse the amendment under the circumstances disclosed. In re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994; Walker v. Brown (C. C.) 86 F. 364; Arkansas Anthracite Coal & Land Co. v. Stokes (C. C. A.) 2 F.(2d) 511; Hickey v. Johnson (C. C. A.) 9 F.(2d) 498; Reynolds v. West, 32 Ark. 244; Hughes-Speith Pipe Line Co. v. McWilliams Hardware & Furniture Co., 172 Ark. 79, 287 S. W. 580; Brown v. Aguilar, 202 Cal. 143, 259 P. 735; McMahon v. Williams, 80 Colo. 249, 250 P. 560; Manha v. Union Fertilizer Co., 151 Cal. 581, 91 P. 393; Dobson v. Clemens & Co., 194 Iowa, 1155, 191 N. W. 184; Breen v. Iowa Central R. Co., 184 Iowa, 1200, 168 N. W. 901.

■ During her cross-examination the plaintiff was asked: "And now, Mrs. Rossi, you never did give any proof to the Insurance Company of Mr. Rossi's death, did you?" The court sustained an objection to this question and to other evidence by which it was sought to prove that proper proofs of death had not been furnished, and these rulings of the court are urged as error. As the giving of notice and proper proofs of death was admitted by the pleadings as they stood, this testimony was not pertinent to any issue before the court, and it was properly excluded. The same is true with reference to an offer of a record of the proceedings in a prior suit filed by the plaintiff against the defendant, in which she had taken a nonsuit. The offer itself shows that it was based upon the theory that the defendant was entitled to amend its answer as requested, and we have already held that this contention was not well founded.

■ A Mr. Miller, called as a witness on behalf of the defendant, was, on cross-examination, asked: "Q. Do you recall how and when you first heard of the death of Mr. Rossi? A. Yes, sir, by the newspaper; no, I didn't hear it that way, somebody, we knew it down at the bank." There was no objection to the question, and no motion to strike out the answer, and, hence, the assignment presents no question for review.

■ It is also urged that the plaintiff was erroneously permitted to testify to a conversation had with defendant's representative, in which she testified as follows: "And I

said, did they find his cause of death, and he said, no, they couldn't tell anything by it. I said if he was only two weeks dead, why my husband was a month dead, what could they tell about him, that was our conversation." This testimony was given in answer to the following question: "Q. Now the question, and I want you to tell this jury what Mr. Shofner said to you, what conversation you had with him out at your house." There was no objection interposed, and after the witness had testified, counsel for defendant said: "I want to object. Just a minute, what she says before going off on another line of testimony. I want to object again to all conversation related by Mrs. Rossi, just related by her, that took place between her and Mr. Shofner, in which Mr. Shofner related the purported facts of a prior autopsy, on the ground that it is irrelevant and immaterial to this case."

It is observed that no motion was made to strike out the testimony. It appears that, without objection, the witness Shofner, who represented the defendant company during the negotiations with Mrs. Rossi for an autopsy on her husband's body, testified to the same conversation, and, clearly, the exception is not available.

■ It is urged that the court erred in admitting in evidence the photograph of Joseph Rossi, taken eight years before his death. It is not perceived how the admission of this photograph could possibly be prejudicial to the defendant. It was the latest photograph available; the testimony showed that his appearance at the time the photograph was taken was very similar to what it was at the time of his death. There was no attempt to deceive, and it tended to prove nothing that was not established by other undisputed testimony.

■ No exceptions were taken to the court's instructions, and we may therefore pass without further comment or consideration the contention, now urged, that they were erroneous.

In submitting to the jury the question as to whether the demand for an autopsy had been reasonably and seasonably made by the defendant, pursuant to the opinion of this court, the court, in its instructions, said:

"If, however, you find that his death was due to the accident solely and alone, without being contributed to by any disease which he had at that time, then it becomes necessary for you to determine whether the demand the company made for the autopsy was made within a reasonable time. Under the laws of this state and the terms of this policy, the defendant had a right to demand an autopsy. It was not necessary to make that demand before the burial, if it was made within a reasonable time. An autopsy under the laws of this state may be had without violating the laws, within a reasonable time after the death of the insured.

"In determining whether this demand was made, within a reasonable time, you take into consideration all of the facts and circumstances which have been established here and determine for yourselves, as reasonable and sensible men, whether the Insurance Company, after it had notice of this man's death, acted with that diligence which is necessary, that is, whether it made the demand within a reasonable and seasonable time. If it did, notwithstanding the fact that you may believe from the testimony that he died from the accident, then the plaintiff is not entitled to recover here."

■ In the light of these instructions, given by the court without exception, we have examined the instructions requested by the defendant on this question. To set out these requested instructions would unduly extend this opinion. In so far as they correctly stated the law, they added nothing to the instructions given by the court, and hence it was proper to refuse them.

It follows that the judgment of the lower court should be, and is, affirmed.