## WASHBURN et al. v. DOUTHIT et ux.
### No. 9926.

Circuit Court of Appeals, Eighth Circuit.
Oct. 8, 1934.

A. M. Dobbs and James A. Gutensohn, both of Ft. Smith, Ark., for appellants.

L. A. Williams, G. O. Patterson, and G. O. Patterson, Jr., all of Clarksville, Ark., for appellees.

Before BOOTH, Circuit Judge, and MUNGER and BELL, District Judges.

MUNGER, District Judge.

Appellees recovered judgment against appellants because of the alleged negligence of the appellants. The cause of action grew out of a collision between two automobiles. In their petition, the plaintiffs below alleged, in substance, that Howard Douthit was riding in an automobile owned by the defendant Shell Petroleum Corporation and driven by the defendant R. M. Washburn along a highway near Clarksville, Ark.; that Washburn was driving this car as the agent and employee of the Shell Petroleum Corporation and negligently operated the vehicle so as to cause Douthit to be thrown from the car causing his death.

The parents of Howard Douthit, as plaintiffs, sought recovery of damages because of the death of their son. The answer of defendants denied negligence, and denied that Washburn at the time of the accident was operating the automobile as an agent of the Shell Petroleum Corporation. It was alleged that Douthit was himself driving the car at the time of the accident; that the car was then being used in a trip for the personal benefit and pleasure of Washburn and Douthit and without any authority from the Shell Petroleum Corporation. The defendants also alleged that Washburn had been sent to Clarksville by the direction of officers of the Shell Petroleum Corporation in order that he might perform a specific service there for the corporation in obtaining an affidavit as to the heirs of one H. W. Redus and in obtaining an agreement from these heirs relating to an oil lease which Redus had signed, and the defendants further claimed that Washburn had no authority to perform any other work on that occasion. It was also claimed that Washburn and Douthit, after Washburn had concluded his duties in connection with the Redus matter, had driven in the automobile to a place near Hartman, Ark., to obtain some grape cuttings and some wine for personal use, and that this journey was made without the knowledge or authority of the Shell Petroleum Corporation. Testimony was offered on these issues of Washburn's authority and acts, and the court left to the jury the matter of Washburn's authority to act for the Shell Petroleum Corporation at the time of the accident. The jury returned a verdict in favor of the parents of Douthit and against Washburn and the Shell Petroleum Corporation, and this appeal is from the judgment rendered upon that verdict.

■ The appellants have presented fourteen assignments of error. The first and second assignments of error allege that the verdict is contrary to the law and to the evidence, and that it is not supported by the evidence. These assignments are too general and indefinite to present any question for consideration by this court. Wilson v. Everett, 139 U. S. 616, 11 S. Ct. 664, 35 L. Ed. 286; Chicago, M. & St. P. R. Co. v. Anderson (C. C. A.) 168 F. 901; Vandeventer v. Traders' Nat. Bank (C. C. A.) 241 F. 584; Lawson v. United States (C. C. A.) 297 F. 418; Smith v. Hopkins (C. C. A.) 120 F. 921.

■ Assignment of error No. 3 alleges error in the overruling of a motion made at the close of the plaintiffs' evidence to instruct the jury to return a verdict in favor of the defendants. This ruling cannot be assigned as error, because the defendants at that time had not rested their case and afterwards introduced evidence in their behalf. Accident Insurance Co. v. Crandal, 120 U. S. 527, 7 S. Ct. 685, 30 L. Ed. 740; Northern Pacific Railroad Co. v. Mares, 123 U. S. 710, 8 S. Ct. 321, 31 L. Ed. 296; German Ins. Co. v. Frederick (C. C. A.) 58 F. 144; Chicago, St. P. & K. C. Ry. Co. v. Chambers (C. C. A.) 68 F. 148; Concordia Fire Ins. Co. v. Commercial Bank (C. C. A.) 39 F. (2d) 826; H. F. Wilcox Oil & Gas Co. v. Skidmore, 72 F. (2d) 748 (C. C. A. 8) opinion filed September 6, 1934.

■ The fourth, fifth, and sixth assignments allege error in the refusal of the court at the close of the evidence to give three instructions tendered by the defendants. These instructions directed the jury to return a verdict in favor of the defendants. No grounds for the request were stated either in the request or in the instructions tendered. The appellants are therefore not entitled to a review of the sufficiency of the evidence. Mansfield Hardwood Lumber Co. v. Horton (C. C. A.) 32 F. (2d) 851; Williams Bros. v. Heinemann (C. C. A.) 51 F. (2d) 1049; Standard Acc. Ins. Co. v. Rossi (C. C. A.) 52 F. (2d) 547; Denver Live Stock Commission Co. v. Lee (C. C. A.) 20 F. (2d) 531; Public Utilities Corporation v. McNaughton (C. C. A.) 39 F. (2d) 7; Falvey v. Coats (C. C. A.) 47 F. (2d) 856, 89 A. L. R. 1; H. F. Wilcox Oil & Gas Co. v. Skidmore, supra.

■ There are three assignments of error, Nos. 7, 8, and 9, based upon the refusal of the court to give instructions requested by the defendants, and which are referred to as instructions Nos. 4, 5, and 7. Rule 11 of this court is as follows: "The appellant shall file with the clerk of the court below, with his pe-

tition for the appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No appeal shall be allowed until such assignment of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. Such assignment of errors shall form part of the transcript of the record and be printed with it."

None of the assignments of error set out these instructions or any portion of them as required by the rule, and for this reason the assignments could be properly overruled; but an examination of the requested instructions shows that the portions applicable to the issues were given in substance in the charge of the court. There was, therefore, no error in the refusal to give them in the form tendered.

■■ Assignments of error Nos. 10, 11, and 13 related to alleged errors in the admission of the testimony of the witnesses Wray, Baskins, and Pennington. The full substance of the testimony admitted is not quoted in these assignments as provided by rule 11, quoted above. Because of the failure to comply with this rule, these assignments might properly be passed without further consideration. Haldane v. United States (C. C. A.) 69 F. 819; Wagner Electric Corporation v. Snowden (C. C. A.) 38 F.(2d) 599; Fidelity & Casualty Co. of New York v. Niemann (C. C. A.) 47 F.(2d) 1056; Pacific Dock & Terminal Co. v. Los Angeles Dock & T. Co. (C. C. A.) 50 F.(2d) 557; Hodges v. Meriwether (C. C. A.) 55 F.(2d) 29, 86 A. L. R. 52. From an examination of the testimony it appears that the witness Wray gave testimony at some length and on a number of subjects. Much of it was not objectionable upon any ground. No objection was made to any of his testimony until he had finished testifying, when the defendants interposed a general objection to his testimony stating that the objection was on the same grounds that objection had been made to the testimony of the witness Baskins. The witness Baskins had also testified at length. To some of his testimony objections were taken, but a large part of his testimony was received without objection. Some of the objections to his testimony stated grounds for making the objection,

while other objections stated no ground or basis for the objection. The assignment of error as to Pennington's testimony alleges error in the portion of it to the effect that Washburn asked him to make a contract to handle Shell oil and gas. The testimony of Pennington, as it is shown in the record, does not appear to mention or refer to any contract. In this condition of the record, there does not seem to have been any specific and timely objection made to the admission of any of the testimony complained of which is sufficient to require a review of the ruling of the court upon its admissibility.

■ Assignment of error No. 12 alleges that the court erred in admitting testimony of the father of Howard Douthit as to financial contributions which the son had made to the father after the son had become 21 years of age over objection that such evidence was inadmissible, unless it was shown that the father was dependent upon the son for support. The right of recovery in this case is founded upon the Arkansas statute (Crawford & Moses' Dig. Ark. §§ 1070, 1074, 1075), and it has been held by the Supreme Court of that state, in accordance with the rule which is generally in force, that evidence of contributions to the parent made by the adult child may be shown in evidence in an action of this nature without proof of the financial dependency of the parent upon the child. Mooney v. Tillery, 185 Ark. 457, 47 S.W.(2d) 1087; Fordyce v. McCants, 51 Ark. 509, 11 S. W. 694, 4 L. R. A. 296, 14 Am. St. Rep. 69; Moffett v. Baltimore & O. R. Co. (C. C. A.) 220 F. 39; 17 Corp. Jur. 1212.

■ The last assignment of error alleges that the court erred in submitting to the jury a form of verdict against both the defendants jointly and severally because the defendant Washburn was sued only as an agent of the Shell Petroleum Corporation, and not individually. This assignment is not supported by any argument by the appellant, and no request or objection as to the form of verdict was presented to the trial court, and no exception was taken to the instructions of the court submitting the case to the jury against both defendants. The examination of the record which has been made in connection with the consideration of the several assignments of error leads to the conclusion that no plain error was committed by the trial court of such a nature as to call for a review, notwithstanding the insufficiency of the assignments of error. The judgment will be affirmed.