## Bugh v. Rominger et al.

When a Judgment Will Be Reversed on the Evidence.— A case tried below in part upon testimony reported by a referee at a former trial thereof, and in part upon oral evidence produced at the trial, and brought here for review, does not come within the principle heretofore announced by this court, that in a class of cases referred to it is the duty of an appellate court to sift the evidence with a view to a just determination of the controversy, but rather within the rule, that neither the verdict of the jury nor the finding of the trial court will be disturbed unless it satisfactorily appears that the verdict or judgment is against the manifest weight of the evidence, or was the result of improper influences, motives or considerations.

*Appeal from District Court of Saguache County.*

Messrs. E. F. & C. A. Allen, for appellant.

Bissell, C.　This is one of several actions brought in the district court of Saguache county to settle rights to the water of San Luis creek. The suits were consolidated and tried, and resulted in a judgment which ascertained and declared the priorities of all the parties.

The whole controversy grew out of the construction of what are known in the litigation, and probably in that country, as the " Saalfelt and Wittmayer Ditches." There seems to be no question as to the time of the construction of those two ditches, for, according to all the testimony, their construction was commenced in the fall of 1870, and they were completed for practical use some time during the year 1871. Later, and in 1874, by reason of some changes in the condition of the San Luis creek, the parties deemed it expedient to dig another ditch better adapted to secure the full flow of the water. When it was finished it was connected with the ditches which had been previously constructed, and, at the same time, the Saalfelt and Wittmayer ditches were apparently dissevered in their connection from the main stream, and their supplies received from the newly constructed ditch which had its head some distance further up the creek.

The whole controversy turned upon the user and actual appropriation of the water by the parties who constructed the ditches in 1870, 1871 and 1874. The court found, as a matter of fact, that Luengen, Saalfelt, Wittmayer and Zeibig were the original appropriators of the water, and that they or their grantees were first entitled to the use of whatever might flow in the stream to a certain specified amount; that subsequent appropriators had acquired the right to use a designated quantity of the remainder of the stream, if any, and that a portion of this right had by grant passed to the appellant, Bugh, but that the rights of his grantors had their inception some time in the year 1874. In effect, this subrogated him to the rights of the original appropriators or their grantees to a certain number of inches of water. A decree was entered in accordance with these findings. It is this action of the court which is complained of and made the basis of the appeal.

There is no appearance for the appellees, and the case has been presented by the appellant on the theory that the court committed error in its determination of the rights of the parties upon the testimony which was introduced at the time of the trial.

The circumstances of the case, and the method of its trial below, do not warrant this court in finding a judgment for itself upon the testimony which is before it. The case was not tried wholly before a referee or master, nor upon testimony which was taken in a similar manner, but it was heard upon the testimony which had been taken upon a prior trial of the case, or a trial of some branch of the same controversy, and likewise upon parol testimony introduced at the hearing. It is clear, therefore, that the case does not come within the principle announced in *Sieber v. Frink*, 7 Colo. 152, wherein it is declared to be the duty of the appellate court to sift and weigh all the evidence with a view to a just determination of the controversy, but rather within the general principle which has been repeatedly announced, that this court will neither disturb the verdict of

the jury nor the finding of a trial court, unless it is well sat-
isfied that the judgment or the verdict is so unsupported by
the evidence as to be against its manifest weight, or the rec-
ord compels the conclusion that the verdict or judgment
was the result of those influences, motives or considerations
which the law does not permit to control the findings of
either court or jury. *Barker v. Hawley*, 4 Colo. 327; *Ma-
chette v. Wanless*, 2 Colo. 170; *Green v. Taney*, 7 Colo. 278.

The evidence presented in the abstract, which is claimed
by the appellant to establish the inaccuracy of the court's
decision, has been subjected to a careful examination, and
the record itself, and the testimony of witnesses as given
therein, have been sifted and weighed, and upon the whole
record it is clear that the judgment of the court below was
well sustained by the evidence and did substantial justice
as between the parties. The judgment should be affirmed.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing
opinion the judgment is affirmed.

*Affirmed.*

MR. JUSTICE HAYT, having presided at the trial below, did
not participate in this decision.