Thomson, J.
This action was brought to compel the defendants to transfer to the plaintiff certain shares of mining stock to which he alleged himself to be entitled. The complaint alleged that the plaintiff and the defendants Wirt, Roseberry, Jones and Maehl, entered into an agreement in writing, whereby the plaintiff, with Wirt and Roseberry, agreed to organize, in connection with Jones and Maehl, a corporation to be called “ The Ben Hur Mining and Milling Company,” with a capitalization of $700,000, represented by 700,000 shares, of the par value of $1.00 each, for the purpose of developing, operating, and perfecting the title to, certain mining claims in the Cripple Creek mining district, in El Paso county, belonging to Jones and Maehl; that this agreement also provided for the retention by the company of a certain number of shares as treasury stock, and the distribution of the remainder among the parties to the agreement, the amount allotted to the plaintiff being 107,000 shares; that the consideration for the stock *3 ■which the plaintiff was to receive, was services already rendered by him to the other parties,- and services to be rendered by him to the corporation when it could be organized; that a certificate of incorporation was prepared in conformity with the agreement, and was executed by all the parties to that instrument, in which those parties and two others were named as directors for the ensuing year; that pursuant to the agreement, the defendants Jones and Maehl executed and delivered to the plaintiff as trustee, a deed to their mining properties, which properties were to be conveyed by him to the corporation after it should come into existence, upon the issue and delivery of the entire capital stock of the company to him in trust for the use and benefit of the parties entitled to it; that the plaintiff thereupon delivered the agreement, the certificate of incorporation, and the deed, to one J. D. Hayes, who was acting as the attorney for all the parties concerned; that shortly afterwards, the defendants, being the other parties to the agreement, without the knowledge or consent of the plaintiff, in some way obtained possession of the papers so deposited with Hayes, and destroyed or concealed them, and thereupon made another agreement among themselves, in which the plaintiff was ignored, and executed another certificate of incorporation of “The Ben Hur Mining and Milling Company,” which was the same as the first, except that it did not contain the name of the plaintiff, and then perfected the organization of the company, dividing the stock, not placed in the treasury, including the 107,000 shares to which the plaintiff was entitled, among themselves; and that the defendants, outside of this stock held by them, were insolvent and unable to respond in damages. A decree was prayed requiring the defendants to transfer to the plaintiff, out of their holdings, the stock belonging to him which had been issued to them.
The Ben Hur Mining and Milling Company was a party defendant ; but for the reason that our decision is not affected by its presence in the case, it is not intended to be included in the term defendants, and further allusion to it is-unnecessary. *4 The complaint also alleged the purchase by the plaintiff of the right to 15,000 other shares, of which he averred himself entitled to a transfer from the defendants; but we find no evidence of such purchase, and have, therefore, left the allegation unnoticed.
Laches and the statute of limitations were pleaded. Also, material allegations of the complaint were put in issue ; but as the court made no finding upon the merits of the controversy, we have no authority to determine them. Upon the evidence, a decision for either the plaintiff or the defendants would not, perhaps, have been disturbed; but we have no power to decide questions of fact, and in so far as the court below left such questions open, we can pass no judgment upon them. Bank v. Miner, 9 Colo. App. 361. After the evidence was in, on motion of the defendants, the court dismissed the complaint upon the sole ground that the action was barred by the statute of limitations. No other question was passed upon by the court, and there is, therefore, no other before us.
Whatever cause of action the plaintiff had, accrued about the 8th day of June, 1892, and this suit was instituted on the 14th day of November, 1895, about three years and nine months afterwards. The theory of the defendants is that this is a proceeding for relief on the ground of fraud, and is, therefore, as to the time within which it should be commenced, controlled by section 12 of the statute of limitations, which reads as follows : “ Bills for relief on the ground of fraud shall be filed within three years after the discovery by the aggrieved party of the facts constituting such fraud, and not afterwards.” Gen. Stats; sec. 2174, Mills’ Ann. Stats, sec. 2911. The plaintiff denies the applicability of the foregoing provision, and insists that the action arose out of a trust relation created between the parties, and, therefore, is subject to the limitation provided in section 13' of the statute of limitations, which reads as follows: “ Bills for relief, in case of the existence of a trust not cognizable by the courts of common law, * * * shall be filed within five years after the cause thereof shall *5 accrue, and not after.” Gen. Stats, sec. 2175 : Mills’ Ann. Stats, sec. 2912.
Of course, if the defendants’ theory of the nature of the suit be sound, the plaintiff waited too long. But it is manifest to us that the defendants have misconceived the case. This is not a proceeding for relief on the ground of fraud. The mere fact that the defendants may have been guilty of fraudulent practices, or that the acts which made the action necessary may have been fraudulent, has no particular significance. In order that a proceeding may be one for relief on the ground of fraud, the fraud must be the basis of the right to relief. The nature of an action is fixed by the allegations of the complaint, and when we look into the one before us, we find that the foundation of the suit is the contract between the plaintiff and the defendants. On the hypothesis of the truth of the averments of this complaint, by virtue of that contract, the plaintiff, was _ entitled to a certain number of shares of the capital stock of the Ben Hur Mining and Milling Company, as soon as it should be organized, and its stock distributed. It is entirely immaterial that the incorporation papers which were first prepared, were not used. The company which the defendants organized without the plaintiff, was the same company which they had agreed to organize with him. The agreement remained in full force, notwithstanding they had surreptitiously come into its possession, and destroyed or concealed it. It could not be annulled without the consent of the plaintiff. When the defendants organized the company, and, in disregard of the plaintiff’s rights, distributed stock among themselves to which he was entitled by the terms of the agreement, the law .converted them into trustees for him, and they held the stock .for his use and benefit. The contract between the. plaintiff and the defendants was joint, and hence the liability of the defendants, as trustees, is also joint. We agree with counsel for the plaintiff that this is a proceeding to enforce a trust. The plaintiff seeks to compel specific performance of the contract, against the defendants as trustees. Such being the *6 nature of the action, it was not barred by the statute, and in adjudging that it was, the court erred.
The question, whether there was laches on the part of the plaintiff is persistently pressed upon us. While the court made no finding upon the question, and, therefore, it cannot be considered by us, as the case must be retried, a few words concerning the nature of laches may not be amiss. Delay alone is not laches. During the delay, some new condition must have intervened which would render the enforcement of rights, otherwise unimpeachable, contrary to the principles of equity. Du Bois v. Clark, 12 Colo. App. 220. Whether laches existed, or whether, considering the situation of the parties, the relations which have been established between them, and the conduct of the defendants, the latter are in a position to raise the question, must be determined by the trial court upon the evidence.
The judgment will be reversed.

Reversed.