[No. 5156.]
[No. 2754 C. A.]

McDonald, Administrator, v. Wirt et al.

**Appellate Practice—Findings Based on Conflicting Oral and Written Evidence—Not Disturbed on Appeal.**

The rule, that an appellate court will review findings based upon testimony taken and reported to the trial court in writing, is applicable only in cases where all of the material evidence upon any material issue is in writing, or documentary, or reported by a referee appointed for the purpose of taking testimony, or in the form of depositions; and, where there was additional oral testimony upon every issue presented, a finding based upon conflicting evidence will not be disturbed on appeal. —P. 86.

*Appeal from the District Court of El Paso County.*
*Hon. Louis W. Cunningham, Judge.*

Action by A. D. McDonald, administrator, against W. O. Wirt, J. M. Roseberry, John J. Maehl, and R. L. Jones. From a judgment for defendants, plaintiff appeals. *Affirmed.*

Mr. C. S. Wilson and Messrs. Gunnell & Chinn, for appellant.

Mr. H. McGarry, for appellees.

Mr. Justice Maxwell delivered the opinion of the court:

In *Farris v. Wirt,* 16 Colo. App. 1, the court of appeals decided that this was a proceeding to enforce a trust, wherein the plaintiff sought to compel specific performance of a contract against the defendants as trustees. A statement of the issues involved herein will be found there reported, making it unnecessary to re-state them here. After the remittitur was received by the district court, the death of the plaintiff was suggested and the present appellant, as administrator of his estate, was substituted.

Upon the second trial it was stipulated that the testimony and evidence taken on the former trial, as transcribed and shown in the bill of exceptions filed in the clerk's office of the court of appeals, might be introduced in evidence by either party as the original testimony and evidence taken in the cause. A trial to the court without a jury resulted in findings and a judgment and decree in favor of the defendants upon all the issues presented by the pleadings.

The assignments of error argued here are, that the judgment is not supported by the evidence, and that the same is contrary to the evidence. In the brief filed by appellant it is contended that the several findings of the district court upon the questions of fact submitted were manifestly against the weight of the evidence, and we are asked to sift and weigh the evidence to determine the correctness of this contention.

In support of this position the rule announced in *Rittmaster v. Brisbane,* 19 Colo. 371-376, is invoked, where it is held that the general rule—that the appellate court will not disturb the findings of the trial court upon an issue of fact where the court tries the issue upon evidence given orally by living

witnesses in its presence, *provided* there is a sub-
stantial conflict in the evidence bearing upon such
issue—does not prevail when the issue is determined
upon testimony taken and reported to the trial court
in writing.

The rule announced in *Rittmaster v. Brisbane,
supra,* is not applicable to the case at .bar, for the
reason that one of the defendants in this case testi-
fied orally before the court upon the whole subject-
matter of this controversy, and upon every issue pre-
sented by the pleadings.

As we read the authorities, the rule in the *Ritt-
master-Brisbane* case is applicable only in cases
where all of the material evidence upon any material
issue is in writing, or documentary, or reported by
a referee appointed for the purpose of taking testi-
mony, or is in the form of depositions.

The testimony of the defendant, who testified
orally in this case, occupies nearly as much space in
the printed abstract of the record as does all of the
other testimony introduced, exclusive of documen-
tary evidence.  A careful consideration of the evi-
dence found in the record discloses that the findings
of the trial court are abundantly supported by the
evidence, and, under the well-settled rule of this
court, where issues of fact have been submitted to the
trial court and by it determined upon conflicting evi-
dence, we are bound by such findings.

The judgment must be affirmed.    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER
concur.