# SEPTEMBER TERM

[No. 7147.]

## County of Ouray v. County of San Juan.

1. County Boundaries—*How Established?* only by statute, not by the acts or omissions of the county officials. (72)

2. ——*Proceeding to Establish, an Action.* The State Engineer having, under Rev. Stat. Sec. 1162 established the boundary between contiguous counties, a proceeding instituted by one of them, under the statute, to ·correct alleged errors of the State Engineer, is an equitable action, and not a special proceeding. (69)

3. ——*Change of Venue.* No jury being required, the county defendant is not entitled to a change of venue on account of the prejudice of the inhabitants of the county plaintiff, in which the action is instituted. (69, 70)

4. Pleading—*Separate Causes of Action.* The denial of a motion to require the separate statement, is error. (71)

5. ——*Construed.* A complaint setting forth (1) The establishment of a county line by the State Engineer, and that the plaintiff county is dissatisfied therewith, (2) The long. recognition by both counties and the inhabitants and officials thereof, of the particular line for which the plaintiff contends, contains two separate causes of action, one the action authorized by the statute, and the other an attempt to set up an estoppel. (70, 71.)

6. Appeal and Error—*Trial by Court—Incompetent Evidence Admitted—Presumption that the court in its findings rejected it,* will not be indulged, where, from its rulings upon the pleadings it appears that the court misconceived the law, it being impossible in such case for the court of review to say that the findings below were not founded upon the evidence improperly received. (73, 74)

*Error to the San Juan District Court.*—Hon. ·Charles A. Pike, Judge.

(67)

Mr. JOHN T. BARNETT, for plaintiff in error.

Mr. WILLIAM A. WAY, Mr. J. CYRIL DUNN, Messrs. RUSSELL & REESE, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was instituted under the provisions of Section 1162, R. S. 1908. The complaint discloses that upon the petition of Ouray County the state engineer, as authorized by this section, proceeded in the manner therein described to establish the boundary line between San Juan and Ouray counties, and in due time furnished the board of county commissioners of each of said counties with the description thereof. San Juan county being dissatisfied with the line as thus fixed instituted this action in the district court of San Juan county for the purpose of having the court determine and settle this disputed line between these counties. The complaint alleges that the boundary line as located by the state engineer is erroneous in that it does not pass through the junction of Mineral creek and the main branch of the Uncompahgre river, but is located some distance south of said junction, causing a loss of territory to San Juan county. The statute defining the boundary in dispute reads:

"Commencing at a point on the boundary line between the counties of Hinsdale and San Juan, due east of the junction of Mineral creek and the main branch of the Uncompahgre river; thence due west through said junction to the summit of the divide between Red Mountain Valley and Poughkeepsie Gulch." General Laws 1877, page 207.

It will thus be observed that the contention is not as to any ambiguity in the language of the statute, but as to where the junction of Mineral Creek and the main branch of the Uncompahgre river is.

The defendant in apt time moved for a change of venue, upon the ground that the inhabitants of San Juan county were all interested in the matter in dispute, and therefore prejudiced by reason of which a fair trial could not be had in said county.

This motion was supported by affidavits. Counter affidavits were filed resisting it. The motion was denied. This is the first assignment of error urged. This case does not come within the class enumerated in Section 173 of the code entitled to be tried by a jury. This position is not seriously disputed but it is contended that it is a special proceeding unknown to the common law and in no proper sense of the term an action. We cannot agree with this position. Section 1162, *supra,* provides that if either county is dissatisfied with the line as thus fixed by the state engineer, it may commence an action in a court of competent jurisdiction in this state to determine and settle such disputed line. It will thus be observed that no special proceeding is provided, nor any method set forth for reviewing the action of the state engineer, but the act provides that his action shall be final unless a suit is brought within a certain time in a court of competent jurisdiction to have the line determined and its location settled. There is no method of procedure prescribed to be followed; no special tribunal is created, and no jurisdiction attempted to be conferred beyond that already possessed by the courts, but to the contrary it provides that a suit may be instituted in a court of competent jurisdiction to settle the question. In *Rhode Island v. Massachusetts,* 12 Peters, at 734, 9 L. Ed. 1233, it was stated:

"No court acts differently in deciding on boundary between States, than on lines between separate tracts of land. If there is uncertainty where the line is, if there is a confusion of boundaries by the nature of interlock-

ing grants, the obliteration of marks, the intermixing of possession under different proprietors, the effects of accident, fraud, or time, or other kindred causes, it is a case appropriate to equity.''

This rule appears to have been recognized and followed by that court ever since. *Rhode Island v. Massachusetts,* 14 Peters, 251, 10 L. Ed. 423; *United States v. Texas,* 143 U. S. 621, 36 L. Ed. 285.

In the case last cited the question was again gone over and it was held that the suit by the United States against Texas to determine the boundary line between that state and other territory of the United States was in equity. Upon this question after citing many cases, the court said ''It is scarcely necessary for the court to examine this question anew.'' It is the character of the action and not the nature of the issue which determines whether it must be tried by a jury or by the court. *Danielson et al. v. Gude,* 11 Colo. 87, 17 Pac. 283. The case at bar being one where a jury is not provided by Section 173 of the Code and the action being equitable in its character, the court committed no error in denying the motion.

In paragraph 11 of its complaint the plaintiff alleges that for many years the officers of both San Juan and Ouray counties, and the citizens and residents of these counties did recognize, treat and acquiesce in said boundary line as being established at a certain place (in the complaint described), and that both of said counties did assess, levy and collect taxes on property in recognition of, and acquiescence in, said line, and worked and improved the roads and public trails, and held and conducted elections, in recognition of, and acquiescence in, said boundary line as being at a certain place, and that in recognition of, and acquiescence in, and dependence upon, said line as so recognized by said two counties the

citizens made many locations and conveyances of mining property, treating all properties south of said recognized line as being situated in San Juan county; and did record for said locations and conveyances in said San Juan county accordingly, and that in other ways said counties, and the people thereof recognized said line at a certain place, etc. It is then alleged that because of these matters it would be inequitable and unjust to establish said boundary line on the line laid out by the state engineer, and that Ouray county should be estopped from claiming or undertaking to establish said boundary line south of the line described. The line described in the complaint was the one determined and settled by the court as the correct line. A motion to strike this paragraph was overruled. The defendant then moved to require the plaintiff to state its causes of action separately. This motion was likewise overruled. A refusal to order a separation of causes of action pleaded in one statement is error. *Hall v. Cudahy,* 46 Colo. 324, 104 Pac. 415. There was unquestionably an attempt to set forth two causes of action in the complaint; the first was, that there was a dispute as to the boundary line that the state engineer had located it in compliance with the statute; that San Juan county was dissatisfied with his decision and brought this action to have the court determine and locate this line. This is the cause of action provided by statute. The second consisted of the acts of recognition and acquiescence in a boundary line by the officers of both counties and the citizens thereof, upon account of which it was sought to estop the defendant from asserting its claim to a different line. Had the causes of action been separately stated the second could have been tested by demurrer, in which case it must have been found bad for it attempts to secure to the plaintiff the territory in dispute by estoppel.

Whatever may be the rule in other jurisdictions it is settled in this, that a county line is not determined by the actions of omission or commission of public officers, but by legislative enactment. In *Hinsdale County v. Mineral County,* 9 Colo. App. 368, at 382, 48 Pac. 675, 680, the court said:

"Counsel say that for some time before the attempted boundary adjustment, Saguache county had exercised dominion over the territory, in dispute, and had claimed, and successfully asserted, the right to collect taxes in that territory. It does not appear that the claim was ever the subject of adjudication, or that the right which counsel say was 'successfully asserted' was asserted in the courts. If Saguache county exercised such authority, it simply assumed it, acting on its own construction of the statute; and in so far as it exercised dominion over territory which did not belong to it, its assertion of its alleged right was usurpation. Saguache county is not a county by prescription. It was created by statute. Outside of statute it has no existence, and all its territorial rights are derived from statute. It has, and can have, no territory except what the statute gives it."

To the same effect in principle is *Grand County v. Larimer County,* 9 Colo. 268, 11 Pac. 193, which holds that a boundary line cannot be determined by the action of county officers, but by the law itself properly interpreted.

Upon the overruling of these motions, the defendant by answer put in issue all matters of fact pertaining to this boundary line, also the recognition and acquiescence, facts, etc., alleged pertaining to it. The evidence is quite voluminous and conflicting upon all of these questions. It is claimed by the plaintiff in error that it is wholly insufficient to support the finding upon any theory con-

tained in the pleading, and that there is an entire lack of competent evidence to sustain the finding that the line as thus fixed is the one designated in the statute. Had there been no evidence offered to support an alleged cause of action under the theory of estoppel, we would deem it proper to consider and pass upon the contention of the defendant in error that by answering to the merits the defendant under the circumstances of this case, waived the right to be heard concerning the ruling upon its motions. Upon the other hand, had the motion to strike been granted, or the motion to separate been sustained, and a demurrer to the plea of estoppel been held good, and the evidence concerning the question of ac-· quiescence and recognition have been admitted, we would then deem it necessary to pass upon the contention of the defendant in error that though this evidence was incompetent the trial being to the court it is presumed to have considered only the competent evidence in making its findings, etc., also the contention that part of this evidence at least is competent in support of the fact as to what point was understood and recognized as being the intersection of the main branch of the Uncompahgre river and Mineral Creek in the early days, etc., and some of which evidence was unquestionably competent for this purpose. But we have not such a record before us. To the contrary, it discloses that the trial court received this evidence or a part of it under a misconception of the law and must have thus considered it. This is clearly disclosed by its rulings upon the pleadings; for this reason we are unable to ascertain the extent of the influence this evidence may have had in the mind of the court in arriving at its conclusion, and although there is evidence as contended to support its findings of fact, it is impossible for us to say that it did not arrive at this conclusion by giving weight to its misconception of the law upon the

issue of estoppel. In *Davis v. Pursel,* 55 .Colo. 287, 134 Pac. 107, it is said:

"If the decree is supported by the evidence, under a proper conception of the law, it should not be disturbed, though the reviewing tribunal might have, if passing upon the matter in the first instance, reached a different conclusion."

Many authorities are cited in support of this statement. On the other hand, if it appears that the trial court has received incompetent evidence under a misconception of the law, the judgment should be reversed, unless this court can say that upon the evidence as a whole, regardless of such facts, the verdict should be as it is. *Perot v. Cooper,* 17 Colo. 80, 28 Pac. 391, 31 Am. St. 258.

As heretofore stated the evidence is conflicting upon the main point at issue, to-wit., as to where the junction of Mineral creek and the main branch of the Uncompahgre river is. A finding sustaining the contention of either party might be said to be supported by competent evidence; for which reason, including the matters hereinbefore referred to, we do not think it would be proper for us at this time to attempt to make an effort to ascertain upon which side of the controversy the preponderance of the evidence is; that is the province of a trial court. It is a matter of importance to both counties; property of considerable value for the purpose of taxation is involved, and in disposing of the contention counsel upon both sides should make every effort to prevent any necessity for its future consideration by this court. The leading counsel for the defendant in error, having been elevated to the bench of the district which includes the county in which the action was tried, is relieved from the unpleasant duty of presiding in the matter. Upon account of these counties being in separate judicial districts, we suggest, as a question of propriety, that it

might be advisable to have it disposed of by a judge other than those presiding in either of these districts, and that in case the judge who hears it desires the assistance of a jury to aid him in determining the questions of fact involved, then the cause should be transferred to a county other than the parties to the action. We are not impressed with the argument of counsel for the defendant in error that because they produced more affidavits than the other county concerning the interest, bias or prejudices of the inhabitants of that county pertaining to a fair trial by a jury, that this is convincing that a fair and impartial jury could be secured in a small county thus interested.

For the reasons stated the judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed.*

Chief Justice Musser and Mr. Justice Gabbert concur.

Decided March 2, A. D. 1914. Rehearing denied November 2, A. D. 1914.