## No. 9420.

### COUNTY OF OURAY *v.* COUNTY OF SAN JUAN.

PRACTICE IN ERROR—Judgment supported by competent evidence, will not be disturbed. The rule applies where only a part of the witnesses are examined before a referee.

*Error to San Juan District Court, Hon. Jesse C. Wiley, Judge.*

Mr. CARL J. SIGFRIED and Mr. WILLIAM A. REEF, for plaintiff in error.

Mr. W. A. WAY and Messrs. RUSSELL & REESE, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was begun in April, 1907, to determine the boundary line between the counties of Ouray and San Juan. The trial court found in favor of the latter county, and the cause was brought here for review. Judgment was reversed and the cause remanded for a new trial. 58 Colo. 67, 143 Pac. 841. Upon the second trial judgment was again entered for San Juan County, and the cause is once more here upon writ of error.

The boundary in dispute was fixed by the General Laws of 1877, as follows: "Commencing at a point on the boundary line between the Counties of Hinsdale and San Juan, due east of the junction of Mineral Creek and the main branch of the Uncompahgre river; thence due west

through said junction to the summit of the divide between Red Mountain Valley and Poughkeepsie Gulch."

The question of fact determined in the former action, and by this one as well, is whether the stream designated by the State Engineer is the Mineral Creek mentioned in the statute. As was stated in our former opinion, supra: "The contention is not as to any ambiguity in the language of the statute, but as to where the junction of Mineral Creek and the main branch of the Uncompahgre River is."

It appears that some of the evidence upon which the judgment rests was taken before a referee, and therefore it is contended that the rule that a judgment will not be disturbed on review, if there is competent evidence to support it, is not here involved because the trial judge had no opportunity to hear the witnesses, and observe their demeanor upon the witness stand. The record discloses, however, that some of the testimony was given before the trial court, and as to those witnesses opportunity was given to judge of their credibility by their manner of testifying, and their appearance on the stand. In *Bugh v. Rominger*, 15 Colo. 452, 24 Pac. 1046, the case was not tried wholly before a referee, but, as here, testimony adduced upon a former trial was introduced, and likewise additional testimony by parol. In declaring that this circumstance made it unnecessary for the appellate court to sift and weigh the evidence, it was said: "It is clear, therefore, that the case does not come within the principle announced in *Sieber v. Frink*, 7 Colo. 152, wherein it is declared to be the duty of the appellate court to sift and weigh all the evidence with a view to a just determination of the controversy, but rather within the general principle which has been repeatedly announced, that this court will neither disturb the verdict of the jury nor the finding of a trial court unless it is well satisfied that the judment or the verdict is so unsupported by the evidence as to be against its manifest weight, or the record compels the conclusion that the verdict or judgment was the result of those influences, motives or considerations which the law does not permit,

to control the findings of either court or jury." A like rule was announced and approved in *McDonald v. Wirt,* 38 Colo. 84, 88 Pac. 179.

Moreover it appears from the record that the trial judge was familiar with the country involved in the dispute. That prior to making findings and the entering of the decree he viewed the locality in question with· the knowledge and consent of both parties, and with attorneys representing both sides participating therein. Under these circumstances it cannot be said that the trial court is no better able to pass upon the evidence than is this court. In any event we have carefully read and considered the record and find that the preponderance of evidence is in support of the findings of the judge of the District Court and of the decree there rendered. Upon the first trial of this cause the judge reached the same conclusion on the facts as was reached in the trial of which this proceeding is in review. Upon the record there appearing to be no reversible error the decree of the trial court should be and hereby is affirmed.

*Judgment affirmed.*

Decision *en banc.*

Teller, J., not participating.