## EVANS v. REISER.

On Petition for Rehearing. October 1, 1931.

No. 5145. Decided October 1, 1931. (3 Pac. [2d] 253.)

For former opinion, see 78 Utah 253, 2 P. (2d) 615.

*E. R. Callister* and *H. C. Allen,* both of Salt Lake City, for appellant.

*B. W. Musser, H. M. Schiller,* and *Ned Warnock,* all of Salt Lake City, for respondent.

PER CURIAM.

The respondent has filed a petition for rehearing and a brief in support thereof. It is urged in behalf of respondent that we are in error in the opinion heretofore filed in the following particulars: (1) That under the law announced in the opinion we should have counted as legal votes for the respondent ballots which were rejected; (2) that in the application of the rules of law announced in the opinion there are inconsistencies prejudicial to the rights of respondent; and (3) that we have not properly construed our election laws. We have again examined the ballots which were brought here for review in the light of what is said in the briefs of counsel.

It is urged by counsel for respondent that ten ballots marked as Exhibits numbered 8, 48, 50, 260, 264, 384, 425, 476, 478, and 479 should have been counted as legal votes for Miss Evans, and certain other ballots which we need not again consider should have been counted for Mrs. Reiser. Of these ten ballots, each of seven has one or more figures written on the face thereof. One ballot has the word "void" written once thereon; one has the word "void" written three times thereon, and one has the word "void" written four times thereon. It is urged in support of the petition for a rehearing that we were in error in holding that the words and figures on these ballots must be presumed

to have been written thereon by the voter rather than by the judges of election. In answer to respondent's contention in such respect, appellant claims that counsel for the respective parties entered into a stipulation in the court below to the effect that all of the ballots when opened at the trial of this case were in the same condition as when taken from the ballot box. An examination of the record which the trial judge certifies contains a full, true, and correct transcript of all the evidence adduced on the trial, together with all orders and rulings made by the court, fails to show any such stipulation as is claimed by counsel for appellant, and likewise fails to show by any evidence whatsoever that any of the objectionable words or figures upon any of the ten ballots were placed thereon by the judges of election or any one other than the voters. Upon this appeal we are bound by the record thus certified. We may not substitute for the certified record arguments made in the briefs of the parties. Arguments as to the facts which find no support in the record must be disregarded. It is clearly the duty of the judges of election to refrain from marking the ballots. In the absence of proof to the contrary, we must assume that they have performed such duty. Indeed, unless we may rely upon such presumption (in the absence of proof to the contrary), we are at sea as to all of the ballots which are brought here for review. The very essence of this proceeding both here and in the court below is bottomed upon the presumption that the marks upon the ballots being examined were placed there by the voter, otherwise the whole proceeding would be a farce. If the judges of election marked any of the ballots or wrote any words or figures thereon, such fact could doubtless have been established by direct proof as was done with respect to some of the ballots. In the absence of such proof, we must of necessity assume that the words and figures upon the ten ballots were placed there by the voters who cast those ballots.

It is next urged in support of the petition for a rehearing that as ballot, Exhibit numbered 499, was counted as a legal vote for appellant, then Exhibits numbered 220, 275,

410, and 511 should be counted as legal votes for respondent, and certain other ballots not necessary to again consider should be counted as legal votes for appellant. The argument made in support of such contention is based upon premises which are contrary to the fact. The ballot, Exhibit numbered 499, does not, as assumed in the brief of counsel for respondent, contain twelve crosses indicating the answer the voter desired to make to the proposed constitutional amendments. On the contrary, the voter placed a cross in each of six squares and thereby voted upon each of the six proposed constitutional amendments.

Each of Exhibits numbered 220, 275, and 410 is marked with a cross within a circle and another cross without but near a circle. Exhibit 511 is marked with a cross which is near but does not touch a circle.

Counsel for respondent next urge that consistency requires that if ballots, Exhibits 499 and 105, are to be counted as legal votes, then it unavoidably follows that 63 ballots which we have held should be rejected should be counted. Of the 63 ballots so rejected it is urged that 36 are legal votes for Miss Evans and 27 are legal votes for Mrs. Reiser. As already indicated, ballot marked Exhibit 499 is not marked as counsel have assumed. The ballot, Exhibit 105, is marked thus: A cross is placed in the circle under the Republican emblem. The name Frederick C. Loofbourow appears twice at the top of the Republican ticket. He was the candidate on the Republican ticket for congressman for the unexpired term of the late E. O. Leatherwood, and also for a two-year term. J. H. Paul was the opposing candidate for Congressman on the Democratic ticket. The voter in scratching Mr. Loofbourow's name drew three short lines through his name where it appeared first upon the ticket and four short lines through his name where it appeared second upon the ticket. The lines are drawn at about 20 degrees from the horizontal. Where the name Frederick C. Loofbourow first appears upon the ticket one of the lines is drawn through Frederick, one through C, and one through Loofbourow. The name of Mr. Loofbourow

is scratched in a similar manner the second time it appears upon the ballot, except that instead of one line being drawn through "Loofbourow," as in the first instance, two lines are drawn through "Loofbourow" in the second instance. None of the lines pass through or touch any name other than that of Mr. Loofbourow. Mr. Paul is properly voted for by placing crosses in the squares opposite his name. Our election law, section 2216, Comp. Laws Utah, 1917, provides that a voter may "indicate his choice by marking in the circle above one ticket, drawing a line through the names of such candidates on that ticket for whom he does not desire to vote and marking in the squares opposite the names of the candidates of his choice upon other tickets." The only possible objections that may be urged against the validity of the ballot under review is that several lines are drawn through Mr. Loofbourow's name and that the lines are drawn somewhat diagonally. It may not reasonably be contended that a ballot is rendered invalid merely because a line drawn through a name is not continuous; that it contains two or three breaks. Nor is there any reason or authority for rejecting the ballot because the lines drawn through Mr. Loofbourow's name are drawn somewhat diagonally. Our election law is not so exacting that a broken line or a diagonal line drawn through a name, the circle of which is marked, destroys the validity of the ballot. Apparently counsel for respondent make no such contention. What they do contend is that consistency requires that 63 ballots which we rejected should be counted because the markings thereon are similar to the markings upon ballots marked Exhibits 499 and 105. The contention is without merit. The markings on the group of 63 ballots are not comparable with the marks on Exhibits 105 and 499. A detailed description of the markings on the 63 ballots which counsel urge should be counted because the markings thereon are similar to the markings on ballots, Exhibits 499 and 105, would extend an opinion far beyond all reasonable limits. Some of those ballots have upon them more than 50 markings not authorized by law. No useful purpose could be subserved by in-

cumbering an opinion with a detailed description of each ballot which is here for review. It was for that reason that in the opinion heretofore filed in this cause we classified, when possible, the markings upon the ballots that we held must be rejected. The description of the ballots in the original opinion would seem to be ample to indicate the reason why various ballots were rejected. We have again examined the group of 63 ballots. Each of them contains a mark or marks not authorized by law, and therefore they must all be rejected.

It is next urged on behalf of respondent that as we counted ballot, Exhibit 148, for Miss Evans, so also should we count for Miss Evans Exhibits 18 and 212. Exhibit 148 was counted for Miss Evans because we entertained some doubt as to whether or not an attempt had been made to erase a cross which had been marked in a circle. There can be no doubt but that the voter erased or attempted to erase marks upon Exhibits 18 and 212. On Exhibit 18 it is clear that an attempt has been made to erase a line which has been drawn through the name of Miss Evans, but the line can readily be seen. On Exhibit 212 the name of Miss Evans has been almost completely obliterated by the use of some sharp instrument. Because of the erasures, ballots, Exhibits 18 and 212, must be rejected.

It is again urged that Exhibits 77, 93, and 159 should be counted for Miss Evans. The markings on Exhibits 93 and 159 are described in the original opinion. The voter who cast ballot, Exhibit 77, marked that ballot with three large patches of scribbling with a blue pencil and without placing thereon any voting mark. These ballots contain marks not authorized by law and must be rejected. Respondent's counsel further urge that we are in error in failing to count the following ballots as legal votes for Miss Evans. Ballot, Exhibit 39, which is marked with a straight line in the circle under the Democratic emblem. Ballots, Exhibits 47 and 74, which are marked with check marks instead of crosses in squares opposite the names of numerous candidates and the proposed constitutional amend-

ments. Ballot, Exhibit 60, which is marked with a cross in the Liberty party circle and a cross in the square opposite the name of Miss Evans. A very faint line passes through the last two letters of the name of Eleanore Mackay, candidate for county recorder on the Liberty ticket. The ballots, Exhibits 494 and 506, are each marked with what has the appearance of a capital H in the circle under the Democratic emblem. Ballot, Exhibit 415, which is marked with what appears to be a capital A in the circle under the Democratic emblem. Ballot, Exhibit 405, which is marked in the circle under the Democratic emblem with an oblong circle with a line drawn through it and with check marks in the squares opposite the names of the candidates on the Democratic ticket. Ballot, Exhibit D, which is marked with three horizontal lines extending through the Democratic, Socialist, Liberty, and blank tickets. This ballot also has scribbling near the Republican circle and also scribbling across the second and third proposed constitutional amendments. Ballot, Exhibit 373, which is not marked in any circle but is marked with lines drawn through several names on two of the tickets. Ballot, Exhibit 379, which is marked with an imperfect cross resembling a capital V, which is partly within the square opposite the name of Miss Evans. The two lines of the V intersect or meet below and outside of the outer rim of the square. Ballot, Exhibit 240, is marked with what has the appearance of either a capital V or a check mark in the circle under the Democratic emblem, and also with what appears to be check marks in the squares opposite the names of two candidates on the Republican ticket, and also with straight lines in five of the squares below the proposed constitutional amendments, and also with scribbling in one of the squares below one of the proposed constitutional amendments. Ballots, Exhibits 23, 248, and 570, are each marked with a cross in each of two circles. On ballot, Exhibit 462, it appears that the voter has placed a cross in the square opposite the name of the Republican candidate for sheriff. Apparently the voter did not wish

to vote for such candidate because he obliterated, or nearly obliterated, the cross by scribbling over it with a lead pencil.

It is clear that the provisions of our statute (Comp. Laws 1917, § 2217) which direct that "any ballot marked by the voter in any other manner than as authorized * * * shall be rejected" requires the rejection of the ballot last above enumerated unless it be ballot, Exhibit 60. As to ballot Exhibit 60, it is by no means clear that the voter intended to scratch the name of Eleanore Mackay. On a close inspection a very faint line can be seen passing through only the last two letters of her name. The crosses made upon the ballot are somewhat heavy and are made with blue pencil. The faint line in question seems to have been made with an ordinary lead pencil. We are of the opinion that it may not be said that the voter scratched the name of Eleanore Mackay, and therefore the ballot may not be counted for either of the candidates for the office of county recorder. Ballot, Exhibit 491, is marked with a cross in the Democratic circle. The cross has been almost completely obliterated by scratching with some sharp instrument. The ballot contains no other mark. This ballot was counted by the trial court as a vote for Miss Evans. In the original opinion we held that the ballot should be rejected. Counsel for the respondent in their brief in support of the petition for a rehearing call our attention to the fact that the ruling of the trial court in counting this ballot for Miss Evans is not assigned as error. No mention was made of that fact in either of the original briefs or at the oral argument. The failure of the appellant to assign as error the trial court's ruling in counting ballot, Exhibit 491, as a legal vote for Miss Evans was not discovered by us until the matter was called to our attention in counsel's brief in support of the petition for a rehearing. We are clearly of the opinion that if the ruling of the court below as to that ballot is before us for review the ballot must be rejected. Had the respondent timely questioned our right to review the ruling of the trial court in such respect, she would have been entitled to prevail. It is not so clear that

she has a right to raise such question for the first time on an application for a rehearing where, as here, the case was argued and submitted as though a proper assignment had been made. That phase of the case is not briefed by counsel on either side. Moreover, the results of this case will not be changed even though respondent should prevail in respect to ballot numbered Exhibit 491, and therefore we refrain from expressing an opinion concerning our right to review the ruling of the court below as to that ballot.

After a re-examination of the ballots in the light of what is said in the briefs of counsel, we are confirmed in our view that the provisions of our election law requires the rejection of the ballots concerning which respondent complains in her petition for a rehearing.

The petition for a rehearing should be, and it accordingly is, denied.

CHERRY, C. J.

I dissent.