In re STEVENS' ESTATE. STEVENS v. STEVENS.

No. 6446. Decided October 26, 1942. (130 P. 2d 85.)

See 21 Am. Jur., 587; 34 C. J. S., Executors & Administrators, sec. 415.

*George C. Buckle* and *Valentine Gideon,* both of Ogden, for appellant.

*Thatcher & Young,* of Ogden, for respondent.

McDONOUGH, Justice.

Appeal by the present administrator from an order of settlement of final account of Frank J. Stevens, former administrator of the estate of Sidney O. Stevens, deceased. Frank J. Stevens, former administrator, and brother of the deceased, was appointed administrator March 21, 1932, in which capacity he continued to act until February 14, 1941, when administrator Stevens resigned upon the hearing of a petition for his removal.

Shortly after his appointment as administrator, Frank J. Stevens filed an inventory and appraisement of property of the estate. The principal assets consisted of 246 shares of capital stock in the Shanor Investment Company, a corporation, 463 shares of capital stock in the Sidney Stevens Implement Company, a corporation, and unimproved land in Tooele and Box Elder Counties, Utah, and also some property in Idaho. Notice to creditors was published and the last day for presentation of claims against the estate was

designated as August 15, 1932. Among the various claims presented and approved by the administrator was one by the Sidney Stevens Implement Company, sworn to by Frank J. Stevens as president of the corporation, for $17,828.44. None of the claims presented to the administrator were filed with the clerk of the court prior to August 15, 1932, and none were presented to the District Court for its approval until January 25, 1940.

The deceased, during his lifetime, pledged 90 shares of the capital stock of Sidney Stevens Implement Company as collateral security to the Ogden State Bank for a loan in the principal sum of $3,750. The bank did not present its claim against the estate. It subsequently failed. On the refusal of the administrator Stevens to pay this account, the liquidator of the bank in 1935 purchased said stock for $1,000. The liquidator attempted to sell said stock but finding no purchaser, it prevailed on Frank J. Stevens in 1940 as president of the Sidney Stevens Implement Company to purchase said stock out of the assets of the corporation for $900. This was done and the shares were retired.

The appellant, Max Stevens, present administrator, appeals from the order of the District Court on three grounds.

The first is that the court erred in ruling that the claim of the Sidney Stevens Implement Company was valid. Appellant argues that under Section 102-9-18, R. S. U. 1933, Frank J. Stevens, being not only the administrator of said estate, but also president of the claimant corporation and owner of one-fourth of the stock, had an interest against decedent's estate which required its submission and approval by the court as provided for under the laws of Utah, and in this case prior to August 15, 1932, the last day for presentment of claims against the estate. Having so failed to act, the appellant maintains the claim is barred.

Second, that the administrator, having failed to secure the ninety shares of stock in the Sidney Stevens Implement Company pledged to the Ogden State Bank, failed to act reasonably and prudently in the protection of the assets of

the estate. That the court erred in refusing to direct the former administrator to deliver to appellant these shares conditioned upon payment by appellant of the amount expended in the purchase of said stock by the Sidney Stevens Implement Company.

Third, that the court erred in fixing the attorney's fees in excess of $350.

The statute involved in considering the first ground, Section 102-9-18, R. S. U. 1933, reads as follows:

"If the executor or administrator is a creditor of the decedent, his claim, duly authenticated by affidavit, must be presented for allowance or rejection to the court, and on its allowance by the court must be paid as other claims. * * *"

It is appellant's position that through Frank J. Stevens' interest as a stockholder in the claim of the Sidney Stevens Implement Company, he is precluded as administrator from allowing the claim under Section 102-9-18, R. S. U. 1933. The claim should have been allowed, contends the appellant, only on approval by the court on or before August 15, 1932. Frank J. Stevens having failed as administrator to obtain the approval of the court in the time allowed other creditors, according to appellant, the claim is now barred.

To this view we cannot subscribe. The wording of the statute is plain and unambiguous. Here the administrator as Frank J. Stevens, personally makes no claim as a "creditor of the decedent." It is not "his" claim. It is the claim of a corporation of which he is a stockholder. This court will not read into this statute by judicial legislation the words "or has some interest, direct or indirect". The language of the statute is plain and its meaning is clear, in which case there is no occasion to search for its meaning beyond the statute itself. See in accord, *Salt Lake Union Stock Yards* v. *State Tax Commission,* 93 Utah 166, 71 P. 2d 538; *Riches* v. *Hadlock,* 80 Utah 265, 15 P.2d 283; rehearing denied 80 Utah 298, 15 P.2d 295; *Evans* v. *Reiser,* 78 Utah 253, 2 P.2d 615, rehearing denied 78 Utah 307, 3 P.2d 253.

The same statute with identical wording appears in eight of our western states: Arizona Code Annotated, 1939, Section 38-1015; California Probate Code, 1941, Section 703 (slight variation); Idaho Code, 1932, Section 15-621; Montana Rev. Code, 1935, Section 10191; North Dakota Comp. Laws, 1913, Section 8750; Oklahoma Statutes, 1941, Tit. 58 § 351; South Dakota Comp. Laws, 1929, Section 3405; Wyoming Rev. Stat., 1931, Sec. 88-3119. In the Nevada Comp. Laws, 1929, Sec. 9720, and Washington Rem. Rev. Stat., 1932, Sec. 1490, the statute reads as follows:

"If the executor or administrator is *himself* a creditor * * *." (Italics supplied.)

After a careful search of the cases in these jurisdictions, this court has been unable to bring to light any case dealing squarely with an interpretation of this statute with respect to the contention here urged by the appellant.

The court is the guardian of the estate. An administrator or executor simply acts under its orders. An administrator acting in a personal capacity cannot present his own claim to himself as administrator under our statute, but there is nothing to prevent an administrator from passing on the claim of a corporation in which he happens to be either an officer or stockholder or both. In cases where the stock of a corporation is held almost entirely by one individual, such as a family corporation in which the principal stockholder owns the vast majority of the stock and is thus able to have complete control, this court, in cases of great hardship, will ofttimes look behind the corporate fiction and see the individual in control. Here, however, the former administrator, Frank J. Stevens, is owner of only one-fourth of the stock and as such he has insufficient control to warrant this court in disregarding the corporate entity and in holding such a claim as being his own personal claim.

With regard to the Ogden State Bank transaction, involving the failure of Frank J. Stevens to purchase

for the estate the ninety shares pledged by the deceased, we find no error.

As was pointed out in the case of *In re Listman's Estate*, 57 Utah 471, 197 P. 596, 600:

"It may well be conceded that when an executor [or administrator] in the discharge of his trust has exercised that degree of care which a prudent person ordinarily exercises in the conduct and management of his own affairs, the law, in case of loss, will hold him immune from personal liability. He is not an insurer, and if he exercises ordinary care and diligence in the performance of his duties he may not be held for mistake or error in judgment."

In the instant case, the estate's assets were composed primarily of stock in the two family corporations. At this time, a world-wide economic depression was in progress. The stock was not listed on the exchange. No ready market existed. Frank J. Stevens made every reasonable attempt to prevent the sale of the pledged stock. No funds were then available either from the estate which was heavily indebted, or from the widow. Stevens acted reasonably and prudently in the light of the circumstances which then existed. He used ordinary care and diligence with respect to these stocks and he is not now to be held liable for any loss in regard to them.

There is no evidence of any definite contract or agreement appearing in the record fixing the attorney's fees at $350. The trial court so found. The undisputed evidence appearing in the record is that $1,500.00 is a reasonable fee for settling an estate appraised at $42,600 and this court will not disturb the findings of the trial court in this respect.

The order of the lower court settling the account is approved and the order is hereby affirmed. Costs to respondents.

WOLFE and LARSON, JJ., and BRYAN P. LEVERICH, District Judge, concur.

MOFFAT, Chief Justice (concurring).

I concur. The appellant did not raise the question of failure of the president of the Sidney Stevens Implement Co. to present the claim to himself as administrator or of the failure of the administrator to present the claim to the court in time so as to raise the statutory bar. Had the matter been so presented, another question would have been raised. As well said in the opinion, there are cases where the court will often look behind the superficial compliance with the statute. The statutory provision presents only one situation, viz.: "If the executor or administrator is a creditor," what must be done? The appeal on this point was limited to the question as to whether the administrator was a creditor. He was not directly so. He, however, stood to be benefited by the allowance of the claim. His good faith is not attacked. Presumably the court took into consideration all the factors a guardian of an estate should have.

PRATT, Justice, on leave of absence.