373 P.2d 388

**PHILLIPS PETROLEUM COMPANY,**
Plaintiff,

v.

**UTAH STATE TAX COMMISSION,**
Defendant.

No. 9615.

Supreme Court of Utah.

July 12, 1962.

---

3. 2 Utah 2d 101, 269 P.2d 865 (1954).

288

Senior & Senior, Francis M. Gibbons, Salt Lake City, R. M. Williams, Bartlesville, Okl., for appellant.

A. Pratt Kesler, Atty. Gen., Norman S. Johnson, Asst. Atty. Gen., Salt Lake City, for respondent.

1. Article 7, Title 59, U.C.A.1953.
2. L. 59, ch. 106 (59–5–67.2, 1961 pocket supplement).

CALLISTER, Justice.

Plaintiff, who engages in the production of oil, gas and other hydrocarbon substances from wells within the state of Utah, seeks a review of the Utah State Tax Commission's determination of the mining occupation tax [1] due for the years 1959 and 1960.

The facts are stipulated and not in dispute. In 1959 the legislature amended the mining occupation tax, as it related to oil and gas, increasing the tax from 1% to 2%.[2] Section 3 of this amendment [3] reads as follows:

"Effective Date—This act shall take effect January 1, 1960, and the tax payable for the privilege of operating in 1960 shall be based on the 1959 operations."

In the instant case, the plaintiff, in March of 1960, filed with the Commission a "Statement of Occupation Tax of Oil and Gas Producers For The Year 1960, Based on Sales of Oil, Gas and Hydrocarbons During 1959." By letter dated May 5, 1960, the Tax Commission notified plaintiff that it had determined its occupation tax to be in the amount of $248,869.31, which was due and payable on or before June 1, 1960. This amount was equivalent to a tax of 2% based upon the 1959 pro-

3. 59–5–67.2, U.C.A.1953.

duction. By check dated May 26, 1960, the plaintiff paid this amount. Attached to the check was a voucher which bore the following notation: "Tax payable under Utah Mining Occupation Tax Act for the privilege of operating in 1960."

In May, 1961, the plaintiff filed a "Statement of Occupation Tax of Oil and Gas Producers for the Year 19—, Based on Sales of Oil, Gas and Hydrocarbons During 19—," which contained information relating to its 1960 production. Subsequently, by letter dated May 31, 1961, the Commission notified plaintiff that its occupation tax had been determined to be $209,177.93 and that the same was due and payable on or before June 1, 1961. This amount is equivalent to a tax of 2% based upon the 1960 production. This amount was paid under protest by the plaintiff.

Plaintiff subsequently filed with the Commission a petition seeking rescission of the notice purporting to impose a mining occupation tax for the calendar year 1960, based upon the 1960 production and seeking a refund of the payment made under protest. The Commission, after a hearing, denied plaintiff's petition.

It has been held by this court that the mining occupation tax for the privilege of doing business during a particular calendar year is based upon the production during that year, but is not due until the next

succeeding year.[4] Thus, normally, the tax due for the year 1960 would be based upon the 1960 production, but the taxpayer would have until June 1, 1961, to make payment.

It is the Commission's position that the plaintiff was properly assessed for the year 1959 a 2% tax upon the production for that year, which amounted to $248,869.31 and which was paid by plaintiff. It is their further contention that plaintiff was properly assessed for the year 1960 a 2% tax based upon the production for 1960, which amounted to $209,177.93 and was paid under protest by plaintiff.

Plaintiff's position is that, by reason of Section 3 of the 1959 amendment, the tax for the year 1960 is at the rate of 2% based upon the 1959 production. This would amount to $248,869.31 which they paid by check in May, 1960, with the notation upon the voucher that it was in payment of the 1960 tax. Thus, plaintiff maintains that it paid the 1960 tax before it paid the 1959 tax, and that the latter should be assessed at a 1% rate based upon the production for the year 1959 which would amount to $124,434.66. It offers to pay this amount as a condition to receiving from the Commission a refund of the $209,177.93 paid under protest.

Thus, plaintiff claims that, under the clear wording of the 1959 amendment, the

4. Consolidated Uranium Mines v. Tax Commission, 4 Utah 2d 236, 291 P.2d 895; G & G Mining Co. v. Tax Commission, 6 Utah 2d 165, 308 P.2d 642.

tax increase did not take effect until January 1, 1960, and that the tax for both the years 1960 and 1959 was to be based upon the 1959 production—the 1959 tax at 1% and the 1960 tax at 2%.

The Commission, on the other hand, would interpret the 1959 amendment to permit an assessment of the 1959 tax at a 2% rate, based upon the 1959 production, and the 1960 tax at a rate of 2%, based upon the 1960 production.

 It is our opinion that the position of the plaintiff is the correct one. Section 3 of the 1959 amendment is clear and unambiguous. It clearly provides that the tax increase shall not take effect until January 1, 1960, and clearly provides that the tax due for the year 1960 shall be based upon the 1959 operations. This being so, this court has no occasion to search for a different meaning.[5] The argument of the Commission that the 1959 amendment is unconstitutional because it does not provide sufficient revenues to cover subsequent appropriations made by the legislature is untenable. The appropriation acts might be violative of Article XIII, Section 9 of the Utah Constitution, but not the revenue statute.

The decision of the Tax Commission is reversed and they are ordered to refund the payment made by plaintiff under protest, conditioned upon plaintiff tendering payment of the tax due for 1959. It is further decreed that the tax for the year 1960 has been fully paid and discharged by plaintiff. No costs awarded.

WADE, C. J., and HENRIOD, McDONOUGH, and CROCKETT, JJ., concur.

5. In re Stevens' Estate, 102 Utah 255, 130 P.2d 85.